**WESTINGHOUSE ELEVATORS OF PUERTO RICO, INC.,**
Plaintiff-Appellant,

v.

**S.I.U. de PUERTO RICO,**
Defendant-Appellee.

No. 78–1059.

United States Court of Appeals,
First Circuit.

Submitted June 8, 1978.

Decided Sept. 27, 1978.

Jaime Pieras, Jr., and Pieras & De La Mata, San Juan, P. R., on brief, for plaintiff-appellant.

Ginoris Vizcarra de Lopez-Lay, and Lopez-Lay & Vizcarra, Santurce, on brief, for defendant-appellee.

Before COFFIN, Chief Judge, CAMPBELL and BOWNES, Circuit Judges.

BOWNES, Circuit Judge.

This case presents the question of whether an arbitration award, which is directly contrary to a prior award covering the same collective bargaining contract provision, is, for that reason, subject to judicial review and should be set aside as being outside the authority of the arbitrator. The award in issue concerns a contract provision for reimbursement of expenses of employees who work outside the San Juan area of Puerto Rico. The provision was first held to preclude payment of any money unless the employees actually incurred expenses while working outside metropolitan San Juan. A second and later interpretation of the same provision held that the employees were entitled to additional payment as long as they worked outside of San Juan, regardless of whether expenses were actually incurred.

Plaintiff-appellant, Westinghouse Elevators of Puerto Rico, Inc., appeals from dismissal of its complaint for lack of jurisdiction. The district court based its decision on the general principles of nonreviewability of arbitration awards, as articulated in our opinion in *Bettencourt v. Boston Edison Co.*, 560 F.2d 1045 (1st Cir. 1977).

Defendant-appellee, S.I.U. de Puerto Rico, has been the sole collective bargaining agent for appellant's employees since 1963.

The parties negotiated collective bargaining agreements in 1965, 1966, 1967, 1969, 1971, and the latest in 1974, which remained in effect until 1977. A labor grievance was filed by the Union in 1975 before an arbitrator of the Conciliation and Arbitration Bureau of the Labor Department. The submission agreement reads:

That the arbitrator determine according to Article XV of the collective bargaining agreement between the parties whether the complainants that are working in the project called Caguas Government Center are entitled to the differential in benefits claimed.

The parties stipulated that the employees were receiving compensation of $30.00 weekly under Article XV (meal and lodging allowances) and that Caguas is outside the metropolitan area of San Juan.

Section 4 of Article XV of the 1974 Collective Bargaining Agreement reads:

Any employee who is required to work for more than one (1) week outside of metropolitan San Juan, as defined in Section 1 above, except those employees who are permanently stationed in outlying areas, shall receive an allowance of One Hundred and Fifty Dollars ($150.00) per week for each week he is required to be away from metropolitan San Juan, in lieu of the meal allowance mentioned in Section 2 above and the lodging allowance mentioned in Section 3 above.

During the arbitration hearing, appellant submitted a previous arbitration award rendered by another arbitrator of the Conciliation and Arbitration Bureau in 1969 interpreting Section 4 of Article XV of the collective bargaining agreement then in effect. The 1969 award held:

It is hereby determined that those employees that work outside the San Juan metropolitan Area for more than one week, but that do not incur lodging or meal expenses as specified in Sections 2 and 3 of Article XV of the Collective Bargaining Agreement, do not have the right to the $80.00 weekly payment set out in Section 4, Article XV of the

present Collective Bargaining Agreement.

After this award was rendered, Section 4 of Article XV remained unchanged throughout three subsequent collective bargaining agreements, except that the amount was increased from $80.00 to $150.00.

The 1975 arbitrator concluded that the claimants were entitled to the $150.00 specified in Section 4 of Article XV whether or not they stayed away from their homes overnight or had their meals outside their homes. The award now challenged reads:

It is held that according to Article XV of the Collective Bargaining Agreement in effect between the parties claimants that are working in the Project known as Caguas Government Center, have a right to the difference in the payment of benefits claimed.

The collective bargaining agreements provided that the functions of the arbitrator were of a judicial, rather than a legislative nature and that, under no circumstances, could the arbitrator modify the terms of the contract. Both provided for final and binding arbitration, except for questions of arbitrability.

■ Where parties to a collective bargaining agreement have provided that arbitration shall be the final and binding method for settling grievances, the arbitration award is generally nonreviewable by a court. This serves the legislative policy of allowing the parties to a collective bargaining agreement to determine in advance the desired method of grievance resolution. *Bettencourt v. Boston Edison Co., supra,* 560 F.2d at 1048–1049.

Exceptions to the rule of non-reviewability are, therefore, few and of a most limited nature. The Supreme Court has said that courts will not enforce an arbitration award which manifests the arbitrator's infidelity to his obligation to interpret and apply the collective bargaining agreement, [*Steelworkers v.] Enterprise Wheel supra,* 363 U.S. [593] at 597, 80 S.Ct. 1358, 4 L.Ed.2d 1424; but just because a court would interpret the con-

tract differently from the arbitrator does not provide a basis for overruling him. *Id.* at 599, 80 S.Ct. 1358. *See, e. g., Miller v. Spector Freight Systems, Inc.,* 366 F.2d 92 (1st Cir. 1966) (no review except for question of arbitrator's jurisdiction or improper conduct); *compare Electronics Corporation of America v. International Union of Electrical, Radio and Machine Workers, Local 272,* 492 F.2d 1255, 1257 (1st Cir. 1974).

*Id.* at 1049. In *Miller v. Spector Freight Systems, Inc.,* 366 F.2d 92 (1st Cir. 1966), we held that there was no review of an arbitrator's decision under a collective bargaining agreement unless the arbitrator was without jurisdiction or his conduct was improper.

■ The main thrust of appellant's argument is that the first award became part of the contract between the parties since the reimbursement clause was tacitly adopted in the successive contracts and the second arbitrator had no authority to change the terms of the contract by rendering an entirely different interpretation of the reimbursement clause. Appellant, therefore, maintains that the 1975 arbitrator acted arbitrarily and capriciously in disregarding what it contends was the "intention of the parties" and their "meeting of the minds" during the three subsequent contract negotiations.

Appellant insists that the issue is not "res judicata" or "stare decisis" and we agree. The issue is whether the award was outside the authority of the arbitrator or his conduct was so improper as to warrant judicial review. Neither ground for review is presented here.

In considering the prior award, the arbitrator stated:

It is well to point out at the moment, that arbitration decisions do not establish precedents, we can go further and set forth that although it did set one, the same eventually could be amended, since the facts and concepts in which they are based are not eternal nor unchangeable . . . . .

The general doctrine concerning the effect of prior arbitration awards and how they differ from judicial precedent was clearly stated by arbitrator Jules J. Justin in *Federal Bearings Co., Inc.,* 22 L.A. 721, 725–727 (1954):

> Unless the Parties agree otherwise in their contract, an arbitrator's award rendered in a prior arbitration proceeding—even between the same parties—does not stop either party from raising the same issue in a subsequent arbitration; nor does it bar the arbitrator from determining the same or a similar issue anew. The arbitrator may consider prior awards between the same parties or between other parties if offered in the proceeding before him, but he is not bound to follow them.

Appellant points out that in *Federal Bearings,* the arbitrator did follow a prior arbitration decision. However, as carefully explained in that decision, the prior award had no precedential authority.

> Prior awards do not constitute "judicial precedents" in future cases, unless the parties agree that they should. The legal doctrine of "judicial precedents" does not apply to the arbitration process. It prevails under the "common law" judicial system. That legal doctrine, in effect, *cautions* the courts against declaring wrongful that which custom and usage has sanctioned and which the weight of *judicial authority* has approved. Under that doctrine, legal principles of contract construction, which have been *distinctly enunciated,* have been given the force of law. Court decisions and judgments are thereby accorded authoritative weight as "legal precedents" in determining similar principles in future cases.
>
> Arbitrators' awards do not have a corresponding authority or force; they are not accorded the weight of "judicial authority" in determining future controversies, even between the same parties or over the same issues. They are not conclusive or binding upon an arbitrator in subsequent cases. In arbitration, all questions of fact and law are deemed to be referred to the arbitrator for decision.

> Unless restricted by the contract, or submission agreement, or an applicable state statute, the arbitrator is not bound by the strict rules of law or evidence. As long as the arbitrator keeps within his jurisdiction, he can decide the issues submitted to him, notwithstanding any prior awards between the parties, unless the parties have agreed otherwise.

*Id.* at 726.

█ The attempt by the appellant to embody the first award in the collective bargaining contract and thus shield it from the arbitrator's authority raises an interesting issue, but cannot change the result in this case. As a matter of general contract law, if we were called upon to interpret possible ambiguities in the contract, we would be strongly influenced by the course of performance established in 1969 and followed since then. *See* U.C.C. § 2–202; *cf.* Mass. Code Comment to Mass.Gen.Laws Ann. ch. 106 § 2–202 (U.C.C. parol evidence rule embodies common-law approach). This is especially true given the arbitrator's special expertise at filling gaps in the meaning of a written collective bargaining agreement. *United Steelworkers v. Warrior & Gulf Navigation Co.,* 363 U.S. 574, 579–581, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960). But it is not our task to interpret this contract. It is the arbitrator's job. As explained in *Bettencourt v. Boston Edison Co., supra,* 560 F.2d at 1045, arbitrators are not bound to follow judicial rules of construction and interpretation. An arbitrator who interprets a contract differently from a court has not necessarily exceeded his authority by modifying the contract. We cannot say the intent of the parties was so clear in this case that the arbitrator's interpretation was "unfounded in reason and fact." *Id.* at 1049.

*The ruling of the district court that it was without jurisdiction is affirmed.*