**HOTELES CONDADO BEACH, LA CONCHA AND CONVENTION CENTER, Plaintiff, Appellee,**

v.

**UNION DE TRONQUISTAS LOCAL 901, Defendant, Appellant.**

No. 84–1692.

United States Court of Appeals, First Circuit.

Argued Feb. 8, 1985.

Decided May 31, 1985.

Pedro J. Varela, Hato Rey, P.R., for defendant, appellant.

Amelia Fortuno Ruiz, San Juan, P.R., with whom Lespier, Munoz Noya & Ramirez, Hato Rey, P.R., was on brief, for plaintiff, appellee.

Before COFFIN, Circuit Judge, WISDOM,* Senior Circuit Judge, and BOWNES, Circuit Judge.

WISDOM, Senior Circuit Judge.

This appeal is from a judgment of the federal district court vacating a labor arbitration award under the jurisdiction provided by section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185 (1982). The issue in this case is whether the district court erred in vacating the arbitration award. The district court held that the arbitrator's failure to consider evidence central to the dispute before him and his disregard of the unambiguous provisions of the collective bargaining agreement between the parties to the dispute required that the award be vacated. We affirm.

## I. FACTS AND PROCEEDINGS BELOW

In June 1981, Santiago Figueroa Otero (Otero), an employee of the Hoteles Condado Beach, La Concha, and Convention Center (Company), was dismissed for an alleged violation of the disciplinary rules appended to and made part of the collective bargaining agreement between the Company and the Union De Tronquistas De Puerto Rico, Local 901 (Union). Otero was dismissed for allegedly engaging in immoral conduct: indecently exposing himself before Mrs. Kimberly Scott Flores, a guest of the Company's Hotel Condado Beach. In August 1981 Otero was convicted of indecent exposure in criminal proceedings before the Superior Court of Puerto Rico. Otero appealed. His criminal conviction was overturned in September 1982.

Following Otero's dismissal, the Union filed a grievance against the Company alleging that Otero had been dismissed without justification in violation of the collective bargaining agreement between the Union and the Company. An arbitration hearing was held on June 23, 1982 [1]—after Otero was convicted on criminal charges but before his conviction was overturned—to determine whether the Company's dismissal of Otero was justified and, if not, to

---

* Of the Fifth Circuit, sitting by designation.

1. The hearing was held in accordance with the terms of the collective bargaining agreement before an arbitrator of the Bureau of Conciliation and Arbitration of the Department of Labor and Human Resources of the Commonwealth of Puerto Rico.

provide the appropriate relief.[2] Mrs. Flores, the Company's only witness to the alleged events leading to Otero's dismissal, appeared to testify at the hearing but refused to do so after the arbitrator, on the Union's motion,[3] required Mr. Flores to leave the hearing room during his wife's testimony. The Company then introduced into evidence, in substitution of Mrs. Flores's live testimony, the transcript of the criminal proceedings against Otero, which contained both Mr. and Mrs. Flores's testimony concerning the alleged indecent exposure incident.

The arbitrator admitted the trial transcript into evidence and took the case under submission. On July 2, 1982, the arbitrator rendered his award. The arbitrator found that the transcript of the criminal proceedings against Otero provided insufficient evidence to prove that the Company was justified in dismissing Otero, because the written transcript did not afford the arbitrator an opportunity to "observe and receive the impact of the appearance, gestures, voice, and attitudes" of the witnesses and to assess for himself the credibility of each witness's testimony. The arbitrator also found that the disciplinary rules under which the Company purportedly dismissed Otero were inapplicable to Otero. Accordingly, the arbitrator found that the Company had failed to show that Otero's dismissal was justified and ordered the Company to reinstate Otero with back pay.

On September 23, 1982, the Company brought suit in federal district court under section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185 (1982), seeking to have the arbitration award vacated. On cross-motions for summary judgment, the district court found that the arbitrator had failed to execute his duty to evaluate the proof submitted by the parties during the arbitration hearing and to reach his own conclusions on whether the discharged employee had in fact engaged in morally offensive conduct in violation of the disciplinary rules made part of the collective bargaining agreement. The district court specifically challenged three aspects of the arbitration proceeding and award. The court held that the arbitrator incorrectly prohibited Mr. Flores from being present when Mrs. Flores was to testify, because this exclusion resulted in Mrs. Flores's refusal to testify and limited the arbitrator's ability to ascertain all of the relevant facts. The court further held that the arbitrator unreasonably refused to consider the testimony contained in the transcript of the criminal proceedings against Otero. Finally, the district court held that the arbitrator's award did not draw its essence from the collective bargaining agreement, because the arbitrator incorrectly and unreasonably based his decision on his misreading of the unambiguous language of the collective bargaining agreement. This error, the court found, materially altered the contractual language of the collective bargaining agreement. Accordingly, the court granted summary judgment in favor of the Company and vacated the arbitration award. *Hoteles Condado Beach v. Union de Tronquistas de Puerto Rico*, 588 F.Supp. 679 (D.P.R.1984). The Union appeals from this judgment.

We agree with the district court's conclusion that the arbitrator's refusal to give any weight to the criminal trial transcript presented into evidence by the Company,

2. The parties did not file a submission agreement with the arbitrator; therefore, the arbitrator requested that both the Union and the Company file submission projects to aid the arbitrator in determining the scope of the submission. The arbitrator determined that the Company's proposal best set forth the nature of the controversy in accordance with the evidence presented and the arguments of the parties. This proposal stated the issue to be decided by the arbitrator as follows: "To determine whether the dismissal of Santiago Figueroa was justified or not. If it is found the same was not justified, the arbitrator shall provide the appropriate relief". Arbitration Award in Case No. A–481, Commonwealth of Puerto Rico Department of Labor and Human Resources, Conciliation and Arbitration Bureau, Hato Ray, Puerto Rico, July 2, 1982, at p. 2 (hereinafter Arbitration Award).

3. The Union asserted that Mr. Flores should be sequestered because he was to be called by the Union as an adverse witness.

coupled with his ruling that Mr. Flores could not be present during Mrs. Flores's testimony, deprived the Company of a full and fair hearing. We also agree that the arbitrator's award materially altered the clear language of the disciplinary rules appended to the collective bargaining agreement. Accordingly, we affirm the district court's vacating the arbitral award.

## II. EXCLUSION OF EVIDENCE

 The Company and the Union are parties to a collective bargaining agreement which provides for arbitration as the binding method for resolving disputes between the parties, provided that the arbitration award is consistent with the law and does not modify the terms of the collective bargaining agreement.[4] This court's review of the arbitrator's award is, therefore, limited to a determination of whether the arbitrator, in making the award, was functioning within his authority as an interpreter of the collective bargaining agreement. This court may engage in a substantive review of the award only to determine whether "the award is 'unfounded in reason and fact', ... is based on reasoning 'so palpably faulty that no judge, or group of judges, could ever conceivably have made such a ruling', ... or is mistakenly based on a crucial assumption which is 'concededly a non-fact'." *Bettencourt v. Boston Edison Co.*, 560 F.2d 1045, 1050 (1st Cir.1977). In such cases, the award "fails to draw its essence from the collective bargaining agreement" and must be overturned. *United Steelworkers of America v. Enterprise Wheel & Car Corporation*, 1960, 363 U.S. 593, 597, 80 S.Ct. 1358, 1361, 4 L.Ed.2d 1424.

The Federal Arbitration Act, 9 U.S.C. §§ 10(a)–(e) (1982), sets forth the sole instances in which a United States district court may order an arbitration award vacated. The statute provides, in pertinent part, that an award may be vacated only "[w]here the arbitrators were guilty of misconduct ... in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced" or "[w]here the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." *Id.* §§ (c), (d). Here, the district court acted under the authority of this statute, as construed by the courts, in vacating the arbitration award.

### A. Sequestration of Witnesses

The district court held that the arbitrator's order sequestering Mr. Flores during his wife's testimony, coupled with the arbitrator's refusal to give any weight to the trial transcript of the criminal proceedings against Otero, amounted to misconduct substantially prejudicing the rights of the Company. The court noted the deference accorded an arbitrator's conduct of arbitral proceedings and the limited role of the courts in reviewing arbitral awards. The court determined, however, that the arbitrator in the instant case neglected his duty to afford each of the parties sufficient latitude to present evidence central to the dispute and so prejudiced the Company's right to a full and fair hearing as to require that the award be vacated.

 An arbitrator enjoys wide latitude in conducting an arbitration hearing. Arbitration proceedings are not constrained by formal rules of procedure or evidence; the arbitrator's role is to resolve disputes, based on his consideration of all relevant evidence, once the parties to the dispute have had a full opportunity to present their cases. *See generally* F. Elkouri & E. Elkouri, How Arbitration Works 254–56 (3d

---

4. Article X, § 11 of the collective bargaining agreement provides:

"The arbitration award will be final and binding on all the parties, if the same is consistent with the law, provided that no award can modify or alter the provisions of this contract. The arbitrator's award will be in writing and it will contain the grounds for his determination. The arbitrator's determinations in relation to questions of facts will be conclusive...."

ed. 1973). Arbitration is, however, a private proceeding which is generally closed to the public. *Id.* at 202. The arbitrator has discretion to exclude or sequester witnesses during the arbitration hearing, especially when he believes sequestration to be necessary to "discourag[e] and expos[e] fabrication, inaccuracy, and collusion" among the witnesses. M. Hill & A. Sinicropi, Evidence in Arbitration 20–21 (1980).

In the instant case, the Union objected to Mr. Flores's presence in the hearing during Mrs. Flores's testimony, asserting that the Union intended to call Mr. Flores as an adverse witness and wished to preserve the truthfulness of his testimony. After hearing the arguments of the parties, the arbitrator found that Mr. Flores had no right to be present at the hearing and ordered that he be sequestered. The Company argues on appeal that Mr. Flores was not an eyewitness to the alleged indecent exposure; therefore, his presence during Mrs. Flores's testimony could in no way taint his own testimony. The Union counter-argues that Mr. Flores was a witness to Mrs. Flores's distress immediately following the alleged incident and that the danger of collusive testimony was present. Resolution of this issue requires a substantive inquiry into the merits of each party's claims and is beyond the scope of judicial review. Although it is difficult to understand the arbitrator's ruling, he acted within his discretion in making his ruling, and this court may not substitute its judgment for that of the arbitrator. The sequestration of Mr. Flores, taken alone, did not so prejudice the Company's right to present its case as to require that the award be vacated.

*B. Consideration of the Trial Transcript*

Mrs. Flores refused to testify at the arbitration hearing following the arbitrator's determination that her husband could not be present during her testimony. The Company then submitted into evidence,[5] in substitution of Mrs. Flores's live testimony,

the transcript of the criminal proceedings against Otero. In issuing his final award, however, the arbitrator determined that the judgment in the criminal proceeding was based on the trial court's assessment of the credibility of the witnesses, that the arbitrator was not bound by the judgment reached in the criminal proceedings, and that the arbitrator was unable to assess the credibility of the witnesses from the trial transcript. The arbitrator refused, therefore, to give the transcript any weight in rendering his award, and concluded that the Company had failed to submit sufficient evidence to prove that the Company was justified in dismissing Otero.

The arbitrator is the judge of the admissibility and relevancy of evidence submitted in an arbitration proceeding. *See* M. Hill & A. Sinicropi, Evidence in Arbitration 22 (1980). The arbitrator is not bound to hear all of the evidence tendered by the parties; however, he must give each of the parties to the dispute an adequate opportunity to present its evidence and arguments. *National Post Office, Mailhandlers, Watchmen, Messengers and Group Leaders Division, Laborers International Union of North America v. United States Postal Service,* 751 F.2d 834, 841 (6th Cir. 1985); *Totem Marine Tug & Barge, Inc. v. North American Towing, Inc.,* 607 F.2d 649, 651 (5th Cir.1979); *Bell Aerospace Company Division of Textron, Inc. v. Local 516, International Union, United Automobile Workers of America,* 500 F.2d 921, 923 (2nd Cir.1974). The arbitrator must then determine "the truth respecting material matters in controversy, as he believes it to be, based upon a full and fair consideration of the entire evidence and after he has accorded each witness and each piece of documentary evidence, the weight, if any, to which he honestly believes it to be entitled". F. Elkouri & E. Elkouri, How Arbitration Works 273–74 (3d ed. 1973). Absent exceptional circumstances, therefore, a reviewing court may not overturn an arbitration award based on the

---

**5.** The arbitrator admitted the transcript into evidence over the Union's objection.

arbitrator's determination of the relevancy or persuasiveness of the evidence submitted by the parties.

Every failure of an arbitrator to receive relevant evidence does not constitute misconduct requiring vacatur of an arbitrator's award. *Newark Stereotypers' Union No. 18 v. Newark Morning Ledger Co.*, 397 F.2d 594, 599 (3rd Cir.), *cert. denied*, 393 U.S. 954, 89 S.Ct. 378, 21 L.Ed.2d 365 (1968). A federal court may vacate an arbitrator's award only if the arbitrator's refusal to hear pertinent and material evidence prejudices the rights of the parties to the arbitration proceedings. 9 U.S.C. § 10(c). An arbitration award must not be set aside for the arbitrator's refusal to hear evidence that is cumulative, *e.g. National Post Office Mailhandlers*, 751 F.2d at 841, or irrelevant, *e.g. Grahams Service Inc. v. Teamsters Local 975*, 700 F.2d 420, 422–23 (8th Cir.1982). Vacatur is appropriate only when the exclusion of relevant evidence "so affects the rights of a party that it may be said that he was deprived of a fair hearing". *Newark Stereotypers' Union*, 397 F.2d at 599; *see also National Post Office Mailhandlers*, 751 F.2d at 841.

In the case at bar, no live testimony was available. The arbitrator therefore accepted into evidence the trial transcript of criminal proceedings concerning the event that allegedly justified the Company's dismissal of its employee. After ac-cepting the transcript into evidence, however, the arbitrator refused to give any weight to this evidence. It is undisputed that the arbitrator was not bound by the Superior Court of Puerto Rico's findings in the criminal proceedings against Otero; however, the arbitrator's refusal to ascribe any weight to the *testimony* given at the criminal proceedings effectively denied the Company an opportunity to present any evidence in the arbitration proceeding. The testimony was unquestionably relevant to a determination of whether Otero actually engaged in immoral conduct in violation of the Company's disciplinary regulations. Moreover, no other evidence was available to substantiate or to refute the Company's charges that Otero had violated the rules regarding employment. The evidence effectively excluded by the arbitrator was both "central and decisive" to the Company's position; therefore, the arbitrator's refusal to consider this evidence was, as the district court concluded, "so destructive of [the Company's] right to present [its] case, that it warrants the setting aside of the arbitration award". *Hoteles Condado Beach*, 588 F.Supp. at 685.

## III. INTERPRETATION OF THE COLLECTIVE BARGAINING AGREEMENT

In rendering his decision in this dispute, the arbitrator made reference to the disciplinary regulations [6] under which Otero

---

6. The disciplinary regulations, which appear in the appendix of the collective bargaining agreement, are captioned at the top with a heading providing:

"The following disciplinary rules apply to every employee covered by this Collective Bargaining Agreement:"

Rules nine and ten of the Disciplinary Regulations appear in the appendix as follows:

| | First Offense | Second Offense |
|---|---|---|
| 9) Conduct which offends the morals or any offense involving moral depravation during working hours or within company premises. | Suspension or Dismissal | Dismissal |
| 10) A guilty verdict for a felony offense or one that involves moral depravation. | Suspension or Dismissal [a] | Dismissal |

---

a "The Chance Game Regulations, 15 RRPR, sec. 76a.2, requires as a condition to be a Casino employee that the person had [sic] never been convicted of a felony or an offense which involves moral depravation, and prohibits the Casino employees to play. If any of these provisions is infringed, the Tourist Company will not issue a license to the employees to perform in the casinos of Puerto Rico, which shall constitute a violation to [sic] the regulation adopted pursuant to the Chance Game Act. In the event of casino employees, therefore, violation of these two rules will cause the dismissal of the employee."

purportedly was dismissed. The Company asserted that Otero was dismissed for a violation of rule nine, prohibiting "conduct which offends the morals or any offense involving moral depravation during working hours or within company premises". The arbitrator, however, considered Otero to have been dismissed under rule ten, which provides for suspension or dismissal of an employee found guilty of "a felony offense or one that involves moral depravation". The arbitrator further concluded that footnote "a" to rule ten limited the rule's applicability to casino employees. The rule was, therefore, inapplicable to the present controversy and did not require the arbitrator to find that, because of Otero's criminal conviction, the Company was justified in dismissing him. The arbitrator further determined that rule nine, like rule ten, was confined to casino employees and inapplicable to Otero. Having previously determined that the evidence produced by the Company could be accorded no weight, the arbitrator found that the Company had failed to prove that Otero's dismissal was justified on any other ground.

The district court found that the arbitrator's analysis of the disciplinary rules manifested an infidelity to the plain and unambiguous terms of the contract between the parties. According to the clear language of the disciplinary rules, rule nine provided for suspension or dismissal for conduct offending the morals during working hours or on company grounds. It contained no requirement that the dismissed employee be convicted of criminal charges and was in no way confined to casino employees. Rule ten, as limited by footnote "a", provided for suspension or dismissal of an employee convicted of a felony offense involving moral depravation. The district court concluded that the arbitrator had improperly interpreted the text of footnote "a" as restricting the applicability of rules nine and ten to casino employees; moreover, the

Rule 13, which prohibits employees from playing in the hotel casinos, also contains a footnote

court found the arbitrator to have disregarded the plain language of the contract in applying footnote "a" to rule nine, which contained no reference to footnote "a". The court therefore found the arbitrator's determination that Otero's dismissal was not justified to be based on the arbitrator's misconstruction and alteration of the collective bargaining agreement. The arbitrator had, therefore, exceeded his authority as interpreter of the collective bargaining agreement in issuing his award. Accordingly, the court vacated the arbitration award.

Absent exceptional circumstances, an arbitrator's interpretation of the collective bargaining agreement is final and binding on the parties because it is this interpretation that is bargained for by the parties. *Enterprise Wheel & Car Corporation,* 363 U.S. at 597, 80 S.Ct. at 1361; *Westinghouse Elevators of Puerto Rico, Inc. v. S.I.U. de Puerto Rico,* 583 F.2d 1184, 1186 (1st Cir.1978). The arbitrator has great latitude in construing ambiguous language in the contract, and a court must not vacate an arbitration award simply because the court disagrees with the arbitrator's construction of the contract. *E.g., Westinghouse Elevators,* 583 F.2d at 1186. The arbitrator is, however, "confined to the interpretation and application of the collective bargaining agreement, and although he may construe ambiguous contract language, he is without authority to disregard or modify plain and unambiguous provisions". *Detroit Coil Company v. International Association of Machinists & Aerospace Workers, Lodge No. 82,* 594 F.2d 575, 579 (6th Cir.), *cert. denied,* 444 U.S. 840, 100 S.Ct. 79, 62 L.Ed.2d 52 (1979) (citations omitted); *see also, e.g., Teamsters, Chauffeurs, Warehousemen, Helpers and Food Processors, Local Union 657 v. Stanley Structures, Inc.,* 735 F.2d 903, 905 (5th Cir.1984).

"a".

 We agree with the district court that the arbitrator in the instant case ignored the clear language of the contract in determining that footnote "a" applied to rule nine and limited that rule's applicability to casino employees. We decline to review the arbitrator's interpretation of the ambiguous language of footnote "a" itself. The arbitrator acted within his authority in construing this language. Whatever its meaning, however, the footnote is clearly inapplicable to rule nine and can in no case, therefore, be construed as limiting the application of rule nine to casino employees. Accordingly, the arbitrator abused his discretion in failing to consider whether the Company was justified in dismissing Otero under rule nine of the disciplinary rules appended to the collective bargaining agreement.[7] This failure, coupled with the arbitrator's refusal to give any weight to the evidence presented at the arbitration hearing, resulted in conduct so improper as to warrant judicial review and to mandate vacatur of the arbitration award.

## IV. CONCLUSION

The arbitration award in the instant case fails to draw its essence from the collective bargaining agreement. The arbitrator refused to consider relevant evidence in making his award, in contravention of section 10(e) of the Federal Arbitration Act. Moreover, the arbitrator ignored the clear language of the collective bargaining agreement in limiting the application of disciplinary rule nine to casino employees. The award, therefore, denies the parties a full and fair hearing on the dispute and alters the provisions of the contract between the parties. Such an award is not final and binding on the parties. We therefore AFFIRM the judgment of the district court vacating the arbitration award.

---

**7.** The arbitrator correctly concluded that he was not bound by Otero's criminal conviction to find that Otero's dismissal was justified. The arbitrator's duty was to consider the relevant facts and to make an independent determination, based on the evidence, whether the Company was justified in dismissing Otero. The award must be vacated because the arbitrator failed to make this independent determination. *See* section IV of this opinion.