TORRUELLA, Circuit Judge.
 

 This is an appeal from the district court’s dismissal of a challenge to the bankruptcy
 
 *34
 
 court’s refusal to vacate an arbitration award. We affirm.
 

 I
 

 The State Insurance Fund of Puerto Rico (the Fund)
 
 [1]
 
 granted appellee Monserrate Ramos-Nieves (Ramos) temporary disability status, provided him with medical treatment, and excused him from work as a result of workplace injuries sustained on June 16, 1979. On May 6, 1980, the Fund determined that Ramos could receive treatment while working and directed him to report back to work at appellant Da Vinci Hotel. Disagreeing with the Fund, Ramos refused to work as directed, but told his supervisor on May 7, 1980 that he felt incapable of performing heavy or difficult tasks, for which reason he would appeal the Fund’s decision to Puerto Rico’s Industrial Commission (the Commission). The Commission agreed with appellee and on September 10, 1980 ordered the Fund to again excuse Ramos from work. On remand, the Fund placed Ramos on temporary disability status until October 29, 1980, at which date it discharged appellee from medical treatment and authorized him to work. Ramos, however, was not able to work at the hotel, since appellant had dismissed him on May 30, 1980, due to the employee’s refusal to work on May 7th.
 

 Pursuant to the collective bargaining agreement between appellant and Local 901 of the Teamsters Union, the latter filed a grievance on Ramos’ behalf which culminated in arbitration. The arbitrator found on March 24, 1981, (1) that the May 30th dismissal had been unjustified; and (2) that the employee was entitled to reinstatement and to the payment of $11,916.30 in back pay and benefits accrued from October 29, 1980. The employer challenged the award in the Superior Court of Puerto Rico. While the challenge was pending, the hotel filed for bankruptcy and stayed ongoing proceedings in state court. The bankruptcy court refused to vacate the award and further allowed the employee’s back pay to stand as a priority for $2,000.00 and as a general unsecured claim as to the balance of $9,916.30.
 
 [2]
 
 The district court affirmed the bankruptcy court’s rulings and this appeal ensued.
 

 II
 

 The submission agreement asked the arbitrator to decide “whether the dismissal of Mr. Monserrate Ramos-Nieves was justi-fied_” The collective bargaining agreement required the arbitrator to resolve grievances in accordance with the collective bargaining agreement (the agreement) and applicable labor laws. The arbitrator found that Ramos’ dismissal was unjustified because it occurred in violation of the agreement and what the parties agree is applicable law.
 

 We commence by restating what should by now be indelibly etched in the minds of all parties to arbitration agreements in this circuit. Where, as here, parties to a collective bargaining agreement have provided for arbitration as the final and binding method for settling grievances, “the arbitration award is normally non-reviewable by a court.”
 
 Bettencourt v. Boston Edison Co.,
 
 560 F.2d 1045, 1048 (1st Cir.1977). The rule of non-reviewability serves the legislative policy that “[fjinal adjustment by a method agreed upon by the parties is ... the desirable method for settlement of grievance disputes arising over the application or interpretation of an existing collective bargaining agreement.”
 
 Id.
 
 (quoting 29 U.S.C. § 173(d)). We cannot vacate an arbitrator’s award merely because we disagree with the arbitrator’s interpretation of the collective bargaining agreement, unless that interpretation is
 

 unfounded in reason and fact, is based on reasoning so palpably faulty that no judge or group of judges could ever conceivably have made such a ruling, or is mistakenly based on a crucial assumption which is concededly a non-fact.
 

 
 *35
 

 Id.
 
 (citations omitted). Such is not the case here.
 

 The collective bargaining agreement did not establish a time limit for employees to return to work upon discharge from medical treatment at the Fund. The arbitrator reasoned — and the parties agree — that the propriety of Ramos’ dismissal had to be examined in light of Section 7 of Puerto Rico’s Workmen’s Accident Compensation Act (the Act). Section 7 reads in part:
 

 [T]he employer shall be under obligation to reserve the job filled by the laborer or employee at the time the accident occurred, and to reinstate him therein subject to the following conditions: (1) that the laborer or employee demand reinstatement from his employer ... within the period of fifteen (15) days counted from the date the laborer or employee is discharged from treatment, provided such demand is not made after the lapse of twelve months from the date of the accident....
 

 The arbitrator found that appellee’s May 30th dismissal violated the Act. We agree. Section 7 is clear to the effect that employers cannot discharge employees missing work due to medical treatment at the Fund during the twelve-month period following the initial date of disability.
 
 See Rojas v. Méndez & Co.,
 
 84 J.T.S. 3. Since Ramos first became disabled on June 16, 1979, Da Vinci could not have dismissed him from work until June 16, 1980. Yet the hotel dismissed the employee on May 30, 1980, two weeks
 
 before
 
 the twelvemonth period had elapsed.
 
 [3]
 
 As the employee’s May 30th dismissal violated the Act, it cannot be disputed that the arbitrator’s conclusion that it was unjustified is a correct one.
 
 [4]
 

 Moreover, the arbitrator noted that the May 30th dismissal amounted to a discharge of the employee for having abandoned work within the meaning of the agreement. The award shows that the arbitrator read the agreement as requiring that the hotel send a telegram to employees charged with having abandoned work, notifying them that they were being so charged (so that they could return to work), before dismissing the employees for abandonment. Nothing in this reading of the agreement justifies vacating the award. And, as it is undisputed that the hotel did not follow the dismissal procedure set forth in the agreement, we cannot fault the arbitrator for having concluded that Ramos’ dismissal was unjustified.
 

 Appellant nevertheless claims that the award should be vacated because the remedy ordered by the arbitrator violates the Act. It argues that the Act requires employers to keep employees’ jobs for the
 
 twelve
 
 months following the initial day of disability. Since employers do not have to keep workers on the job after this twelvemonth period has elapsed, employees are not entitled to reinstatement, pay, and benefits accrued after this date. The Fund discharged Ramos from treatment on October 29, 1980,
 
 sixteen
 
 months after Ramos’ first day of disability. As the arbitrator held that Ramos was entitled to reinstatement, pay, and other benefits accrued since October 29th, appellant complains that the remedy at issue cannot stand.
 

 If this case had involved solely a claim of violation of the Act, we would probably agree with appellant that Ramos should not be entitled to reinstatement and pay sixteen months after the initial date of disability. However, in addition to charging a violation of the Act, the grievance
 
 *36
 
 filed also alleges a breach of the collective bargaining agreement. Consequently, even though the remedy at bar may not follow the Act, we are persuaded that it draws its essence from the collective bargaining agreement, thus meeting the standard that is required by federal labor law in determining whether a court should enforce the arbitration award.
 
 Steelworkers v. Enterprise Wheel & Car Corp.,
 
 363 U.S. 593, 597, 80 S.Ct. 1358, 1361, 4 L.Ed.2d 1424 (1960);
 
 see also Trustees of Boston Univ. v. Boston Univ. Chapter, Am. Assoc. of Univ. Prof.,
 
 746 F.2d 924, 926 (1st Cir.1984) (per curiam). Under the circumstances, we believe that the arbitrator’s award should stand.
 
 See, e.g., Safeway Stores, Inc. v. Food & Commercial Workers Local 400,
 
 621 F.Supp. 1233 (D.D.C.1985) (award enjoining employer from dismissing employee sustained even if dismissal otherwise justified, because of employer’s infringement of procedural requirements of the collective bargaining agreement). The district court correctly refused to vacate the award.
 

 Affirmed.
 

 [1]
 

 .
 
 See
 
 11 L.P.R.A. § 1,
 
 et seq.
 

 [2]
 

 .
 
 See
 
 11 U.S.C. § 507(a)(3).
 

 [3]
 

 . We note that when the dismissal occurred on May 30th, Ramos had refused to comply with a Fund order finding him capable of working and thus directing him to work. Ramos, however, notified his supervisor of his intention to appeal the Fund’s order to the Commission, which, significantly, agreed with the employee (1) that he was incapable of performing work on May 7th; and (2) that, accordingly, he should not have been directed to report to work on that date. As noted by the arbitrator, the Commission’s order shows that when the dismissal occurred on May 30th, Ramos was still incapable of performing work and thus protected by the Section 7 prohibition against dismissals.
 

 [4]
 

 . The arbitrators reading of the Act stands even if we were to apply a
 
 de novo
 
 standard of review.
 
 See Rojas
 
 v.
 
 Méndez & Co., supra.