**54**

ASOCIACION de SENORAS DAMAS
DEL SANTO ASILO de
PONCE, Plaintiff,

v.

UNIDAD LABORAL de ENFERMERAS
Y EMPLEADOS de la SALUD,
Defendant.

Civ. No. 86–1201 GG.

United States District Court,
D. Puerto Rico.

Oct. 20, 1987.

Jorge P. Sala, Ponce, P.R., for plaintiff.

Carlos Ortiz Velázquez, San Juan, P.R., for defendant.

OPINION AND ORDER

GILBERTO GIERBOLINI, District Judge.

This is an action brought under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, requesting that we vacate and set aside an arbitration award. Jurisdiction is invoked under the same statute. Pending before us are plaintiff's motion for summary judgment, defendant's opposition thereto and cross-motion for summary judgment, and plaintiff's reply.

Plaintiff, Asociación de Señoras Damas del Santo Asilo de Ponce (the Hospital) is a corporation that operates a hospital in Ponce, Puerto Rico. Defendant, Unidad Laboral de Enfermeras y Empleados de la Salud (the Union) is the authorized bargaining representative for all registered nurses employed at the Hospital. The parties executed a collective bargaining agreement that became effective on December 1, 1983, and continued to be in force at least until November 30, 1986.[1] Article XII of this agreement provides a three-step procedure for the resolution of grievances between the parties involving the interpretation and application of the terms of the agreement, and which culminates in arbitration. The grievance procedure also provides that whenever a party to the agreement processes a complaint or grievance outside of the time limits set forth therein, the complaint shall be deemed resolved against the party that violated said time limits, unless the parties reach an agreement to the contrary.

The present action arose from the dismissal of Betzaida Morales (Morales) from her position as a graduate nurse with the Sur-

1. The agreement has a provision under which it will be automatically extended from year to year unless one of the parties requests modification of its terms at least 120 days prior to its termination date. For the purpose of this opinion it suffices to know that this agreement was in effect at all times relevant to this action.

gery Department of the Hospital. Morales was assigned to work in the 7:00 a.m. to 3:00 p.m. shift as "Team Leader" of the nurses assigned to the B wing of the Hospital's seventh floor. As team leader, Morales supervised two practical nurses and was responsible for administering the medications prescribed by doctors to their patients. On October 19, 1985, Morales was requested to administer two intravenous dosages of "aminophylline" to a patient. The first dosage was to enter the patient's blood system in one hour, and the second in twenty-four hours. The first dosage was administered at 10:00 a.m. However, by 4:00 p.m. of that day all of the second dosage had entered the patient's blood system in violation of the medical order.

The Hospital's administration investigated this incident and on October 29, 1987, Morales was notified by letter that she was dismissed from her employment due to numerous mistakes culminating in the incident described above. The Union instituted a grievance on behalf of Morales which ended in arbitration. At the arbitration hearing held on April 9, 1986, the Hospital asserted that the complaint should be dismissed because the Union did not comply with the grievance procedure. The Union in turn argued that it was the Hospital which failed to comply with that grievance procedure and requested Morales' reinstatement. On June 26, 1986, the arbitrator issued an award in favor of the Union, and ordered that Morales be reinstated to her position. This appeal ensued.

■ We begin by restating that reviewing courts have generally been reluctant to set aside an arbitrator's decision. This reluctance is consistent with the strong federal policy favoring the resolution of industrial disputes by arbitration. *See John Wiley & Sons, Inc. v. Livingston*, 376 U.S. 543, 84 S.Ct. 909, 11 L.Ed.2d 898 (1964); *United Steelworkers of America v. American Manufacturing Co.*, 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960); *Gavlik Construction Co. v. H.F. Campbell Co.*, 526 F.2d 777 (3d Cir.1975). Where the parties to a collective bargaining agreement have provided for arbitration as a final and binding method for settling grievances, the arbitration award is normally non-reviewable by the courts. *Bettencourt v. Boston Edison Co.*, 560 F.2d 1045, 1048 (1st Cir. 1977); *Westinghouse Elevators of Puerto Rico, Inc. v. S.I.U. of Puerto Rico*, 583 F.2d 1184, 1186 (1st Cir.1978). It is also settled that the refusal of courts to review the merits of an arbitration award is the proper approach to arbitration under collective bargaining agreements. *United Steelworkers of America v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960). The only grounds for review on the merits of an arbitration award are that it is (1) unfounded in reason and fact, (2) based on reasoning so palpably faulty that no judge or group of judges could even conceivably make such a ruling, or (3) mistakenly based on a crucial assumption which is concededly a non-fact. *In re Hotel Da Vinci*, 797 F.2d 33, 34–35 (1st Cir.1986); *Hoteles Condado Beach, La Concha and Convention Center v. Unión de Tronquistas Local 901*, 763 F.2d 34, 38 (1st Cir.1985).

In rendering his award, the arbitrator did not reach the merits of Morales' dismissal but instead decided the case before him on procedural grounds. The arbitrator found that the Hospital violated the time limits set forth in the second step of the grievance procedure. Once the arbitrator reached said conclusion, paragraph four of the third step of the grievance procedure became applicable. This provision reads as follows:

4. If any of the parties to this agreement processes complains (sic) and grievances outside of the limits set forth in this article, the complain (sic) or grievance shall be deemed resolved against the party that has not processed them under the time periods set forth therein, except if an agreement to the contrary is reached.

Accordingly, the arbitrator rendered an award for the Union.

In its motion, the Hospital argues that the arbitrator committed the following errors in rendering his award: (1) failing to

consider evidence central to the issue of whether the Union violated the first step of the grievance procedure, (2) using faulty reasoning in deciding that the Hospital violated step two of the grievance procedure, and (3) applying a double standard in determining the obligations of the parties under the grievance procedure.

In order to resolve the parties' motions we must first examine the arbitrator's award, focusing on the way he interpreted the provisions of the collective bargaining agreement. In his award, the arbitrator first addressed the question of whether the Union had violated the first step of the grievance procedure. Said mechanism provides as follows:

Any employee who wishes to process a complain (sic) or grievance must present said complain (sic) either personally or through his delegate, before his immediate supervisor, within a period of five (5) days after the onset of said complain (sic) or grievance. Within a term of five days after the presentation of said complain (sic), the supervisor shall submit his decision to solve said complain (sic). If the employee or employees involved are not satisfied with the supervisor's decision, or if the employee's complain (sic) cannot be solved through the supervisor, the mechanism set forth in the following second step shall be resorted to.

The arbitrator found that the Union complied with the requirement of taking the employee's complaint to her supervisor. He also found that even if the Union had not done so, it could have proceeded to the second step because the supervisor had no authority to solve the problem of Morales' dismissal.

Having resolved the first issue, the arbitrator addressed the question of whether the Hospital had violated the second step of the grievance procedure. Said mechanism provides as follows:

The employee and/or delegate shall submit his complain (sic) no later than five days after the supervisor has answered or should have answered the complain (sic) in the first step to the Personnel Director or his authorized representative.

The Personnel Director shall convoke a meeting to be held with the parties to discuss the complain (sic) before his consideration, no later than five days after it has been submitted to him. After said meeting has been held, the Personnel Director or his authorized representative shall present his decision within the five days that follow said meeting, it being provided that said period may be extended upon mutual consent.

The Union had submitted Morales' grievance to the Personnel Director on November 4, 1985. On November 6, the Personnel Director advised the Union that he would be away from the office during the next few days, but that he would call the Union members on November 12, 1985 to set a meeting on Morales' case. Because he did not call the Union by November 14, 1985, the Union wrote a letter to him, arguing that the Hospital had breached the collective bargaining agreement and advising him that it would seek arbitration. The arbitrator found that the Hospital should have strictly complied with the time extension it had requested from the Union, and that in failing to do so it violated the grievance procedure.

Considering the arbitrator's award in light of the entire record before us, we conclude that the arbitrator's award cannot stand and that it must be vacated and set aside. First, the arbitrator failed to consider the testimony of Morales' supervisor at the arbitration hearing, who stated that she did not speak to anyone in the Union regarding Morales. To this testimony the Union opposed no evidence of any kind. The arbitrator's finding that the Union did approach Morales' supervisor is based solely on the arguments espoused by the Union at the beginning of the arbitration hearing. We are cognizant that the arbitrator enjoys wide latitude in conducting a hearing and is not constrained by formal rules of evidence. *Hoteles Condado Beach, supra,* at 38–39. However, this cannot be construed to mean that an arbitrator is free to exclude proper and relevant evidence presented before him by one party in favor of mere unsupported arguments by the opposing party. By acting this way, the arbitra-

tor violated his duty to consider all relevant evidence, and his decision is therefore unfounded in reason and fact. *Bettencourt, supra; Hoteles Condado Beach, supra.*

We further find that the arbitrator, as alleged by the Hospital, used a double standard in interpreting the provisions of the collective bargaining agreement. In assessing the responsibilities of the Union in this case, the arbitrator used a lenient standard to find that it did not need to present Morales' grievance to her supervisor because this would have been futile. However, he used a strict construction of the second step to find that the Hospital violated the time limits set forth therein in spite of there being no evidence whatsoever to indicate that November 14, 1985 was intended by the parties as a final jurisdictional date line and that failure to call on that date would inevitably result in the divestment of the right to an adjudication on the merits through arbitration and in the automatic reinstatement of the employee. We find nothing in the record to support this position of the arbitrator. Such a disparity in the construction of two similar provisions within the same document, forces the conclusion that the arbitrator breached his duty to interpret the terms of the collective bargaining agreement and dispensed his own brand of industrial justice. *United Steelworkers of America v. Enterprise Wheel & Car Corp.*, 363 U.S. at 597, 80 S.Ct. at 1361.

We must note that, had the arbitrator used a consistent standard to assess the parties' responsibilities under the grievance procedure, he would have found this dispute to be arbitrable. The use of a lenient standard would have mandated a finding that neither party violated the grievance procedure. Under a strict interpretation, both parties would have been found in breach of the collective bargaining agreement. In either case, the dismissal of Morales would have been arbitrable and resolved on its merits at the arbitration level.

In light of all the above, it is ordered that the arbitrator's award be and is hereby vacated and set aside, and the case is here-by remanded for resolution on its merits before a different arbitrator.

SO ORDERED.