UNION de TRABAJADORES de la INDUSTRIA del PETROLEO and its Affiliate, Mr. Jeremias Perez de Jesus, Plaintiffs,

v.

CARIBBEAN GULF REFINING CORP., Defendant.

Civ. No. 86–1133 (JP).

United States District Court, D. Puerto Rico.

Jan. 11, 1988.

Reinaldo Pérez Ramírez, Hato Rey, P.R., for plaintiffs.

José J. Santiago, Fiddler, Gonzalez & Rodriguez José L. Verdiales, San Juan, P.R., for defendant.

## OPINION AND ORDER

PIERAS, District Judge.

This case is before the Court under jurisdiction provided by section 301 of the Labor Management Relations (Taft–Hartley) Act of 1947, 29 U.S.C. section 185 (1982). Plaintiffs seek the enforcement of an arbitration award ordering the reinstatement of Jeremias Pérez de Jesús, an employee of defendant Caribbean Gulf and member of the Union, after Pérez' discharge in 1985.

The petition for enforcement was originally filed by the Puerto Rico Labor Relations Board (PRLRB) before the Supreme Court of Puerto Rico under jurisdiction provided by the Puerto Rico Labor Relations Act. 29 L.P.R.A. § 70(2)(c). In such enforcement proceedings before the insular courts, the PRLRB represents the party seeking enforcement. *Id.* The case was timely removed to the United States District Court for the District of Puerto Rico. This Court has original subject matter jurisdiction under section 301 of the Taft–Hartley Act, although that jurisdiction is concurrent with that of the insular court. *Charles Dowd Box Co. v. Courtney,* 368 U.S. 502, 82 S.Ct. 519, 7 L.Ed.2d 483 (1962). After removal, the PRLRB withdrew from representation of plaintiff, and the employee's union was substituted as party plaintiff. Pursuant to an Initial Scheduling Conference, the parties agreed to submit the matter on the briefs.

## I.

Jeremias Pérez de Jesus is a member of the Junta de Trabajadores de la Industria del Petróleo (Union), an employee of Caribbean Gulf Refining Corporation, and covered by the collective bargaining agreement between the Union and Caribbean Gulf. Pérez worked for Caribbean Gulf for six years before the discharge at the heart of this case and was acknowledged to be a good employee.

In June of 1985, Pérez delivered to his superiors a medical certificate. That certificate informed the reader that Pérez would be absent from work from mid-June until the end of July for medical treatment. Such a medical certificate was required by Article XVIII of the collective bargaining agreement then in force before an employee could claim sick leave benefits. Pérez was indeed absent from work between these dates. Caribbean Gulf employed an investigator, Orlando García, to ascertain whether Pérez was using his sick leave for appropriate purposes. Suspicion centered around the fact that Pérez' church had organized a trip to Spain during the period covered by Pérez' medical certificate. Caribbean Gulf subsequently discharged Pérez for his absence. Caribbean Gulf viewed Pérez' medical certificate as sham and his absence unauthorized. The Union grieved the discharge. Arbitration was had as provided for in the collective bargaining agreement. An award issued reinstating Pérez with backpay.

At the arbitration hearing, the Caribbean Gulf presented the testimony of the investigator García. Garcia stated that Pérez left Puerto Rico for Spain on June 21. Garcia

further testified that he telephoned Pérez' home after June 21 and was told that Pérez was in Spain. Finally, García claimed to have seen Pérez return from Spain. The arbitrator did not give full credence to this testimony, and included a portion of García's cross-examination as part of the arbitration award. In that excerpt, Garcia admitted that he could not identify Pérez on the date Pérez allegedly left for Spain. Accordingly, the arbitrator found that Gulf Caribbean had not shown "in a clear and convincing manner ... that Mr. Jeremias Pérez was away from Puerto Rico" during the period in question. As such, the dismissal was not justified and Pérez was reinstated.

## II.

■ Where, as here, the labor and management have agreed to arbitration as the final and binding method for settling grievances, "the arbitration award is normally non-reviewable by a court." *In re Hotel Da Vinci,* 797 F.2d 33, 34 (1st Cir. 1986); *Bettencourt v. Boston Edison Co.,* 560 F.2d 1045, 1048 (1st Cir.1977). The *Bettencourt* standard of judicial review of arbitration awards is that "[a]t a minimum, [the party seeking to have the award vacated] must establish that the award is 'unfounded in reason and fact,' is based on reasoning 'so palpably faulty that no judge, or group of judges, could ever conceivably have made such a ruling,' or is mistakenly based on a crucial assumption which is 'concededly a non-fact.'" *Bettencourt,* 560 F.2d at 1050 (citations omitted).

Caribbean Gulf attacked the award with the following analysis: the company presented evidence of Pérez' alleged flight; the union presented none. The arbitrator found that the Caribbean Gulf's evidence was not sufficiently "strong" and not "clear and convincing." Caribbean Gulf maintains that the arbitrator used a "beyond a reasonable doubt" standard of proof and that this was an error of law. Further, given the company's position that "preponderance of the evidence" would be the proper standard coupled with the union's failure to present evidence must inexorably lead to an arbitral finding in Caribbean Gulf's favor. This analysis presents two issues: first, whether the arbitrator erred by not explicitly adopting a "preponderance of the evidence" evidentiary standard; and two, whether the arbitrator's evaluation of Caribbean Gulf's evidence was grievous error.

■ Caribbean Gulf's contentions are incorrect at several points. Nowhere in the arbitration award does the arbitrator use the criminal burden of proof standard. The arbitrator did use language suggesting a stricter civil standard of proof, i.e., "clear and convincing," than that normally used in civil litigation, i.e., "preponderance of the evidence." Taken as a whole, however, the decision of the arbitrator did not rely on an insurmountable burden of proof standard. In any event, the collective bargaining agreement did not set a burden of proof standard. "[T]he choice of burden of proof is within the arbitrator's discretion where the agreement fails to provide one." *Hilton International v. Union de Trabajadores,* 600 F.Supp. 1446, 1448 n. 1 (D.P.R. 1985) (citations omitted). Nor can it be said that the arbitrator's duty to conform the opinion to applicable federal and state law was violated by not adopting en toto the common law. Article X of the collective bargaining agreement also provided "The Arbitrator shall have complete discretion, subject to the applicable laws and regulations, as to the procedure of the hearing and as to any matter in this regard which may be submitted to court." In the face of this broad grant of authority to the arbitrator, this Court cannot say that the arbitrator exceeded his authority, or exercised it so imperfectly that the award does not draw its essence from the collective bargaining agreement.

■ The second issue presented is whether the evaluation of Caribbean Gulf's evidence by the arbitrator requires this Court to vacate the award. Our analysis of the arbitrator's factual determinations is governed by the general rule of nonreviewability. Section 203(d) of the Taft–Hartley Act reads as follows:

Final adjustment by a method agreed upon by the parties is hereby declared to be the desirable method for settlement of grievance disputes arising over the application or interpretation of an existing collective bargaining agreement.

29 U.S.C. § 173(d). The reason for the rule of nonreviewability is that "the federal policy of settling labor disputes by arbitration would be undermined if courts had the final say on the merits of the award." *United Steelworkers v. Enterprise Wheel and Car Corp.*, 363 U.S. 593, 596, 80 S.Ct. 1358, 1360, 4 L.Ed.2d 1424 (1960). Therefore, an arbitration award should not be reversed unless it is foreign to the letter of the collective bargaining agreement or, in effect, modifies the agreement. "Nevertheless, an arbitrator is confined to interpretation and application of the collective bargaining agreement; he does not sit to dispense his own brand of industrial justice. He may of course look for guidance from many sources, yet his award is legitimate only so long as it draws its essence from the collective bargaining agreement. When the arbitrator's words manifest an infidelity to this obligation, courts have no choice but to refuse enforcement of the award." *Enterprise Wheel*, 363 U.S. at 597, 80 S.Ct. at 1361.

Several important First Circuit cases guide our analysis under *Enterprise Wheel*. In *Hoteles Condado Beach v. Union de Tronquistas Local 901*, 763 F.2d 34, 42 (1st Cir.1985), the Court set aside an arbitration award, finding that the arbitrator ignored the clear language of the contract and abused his discretion in failing to consider whether the company was justified in dismissing a hotel employee under the collective-bargaining agreement. In *Bettencourt*, 560 F.2d 1045, the court refused to set aside the award when it was challenged on the basis of the arbitrator's findings of fact. The court enunciated the very strict standards quoted *supra*. *See Bettencourt*, 560 F.2d at 1050. *See also Westinghouse Elevators v. S.I.U. de Puerto Rico*, 583 F.2d 1184 (1st Cir.1978).

In this case, the facts are aligned much more closely with *Bettencourt* and *Westinghouse* than they are with *Hoteles Condado Beach*. The arbitrator ruled here that Caribbean Gulf did not have sufficient factual basis for the charge leading to Pérez's discharge, whatever the evidence presented and however the investigator testified and was cross-examined. The arbitrator made this determination expressly relying on the cross-examination of the investigator. The finding is, thus, not unsupported by the record, and it does not fall under the *Bettencourt* standard—unfounded in fact or reason. *Bettencourt*, 560 F.2d at 1050. This Court shall not disturb the finding of the arbitrator.

The petition for enforcement of the arbitration award is GRANTED.

The Clerk shall enter Judgment accordingly.

IT IS SO ORDERED.