**DRYSDALE DESIGN ASSOCIATES, Appellant,**

v.

**William D. FRIST and Karyn Frist, Appellees.**

No. 99–7230.

United States Court of Appeals, District of Columbia Circuit.

Oct. 31, 2001.

Before GINSBURG, Chief Judge, HENDERSON, Circuit Judge, and WILLIAMS, Senior Circuit Judge.

## JUDGMENT

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs by the parties. After full review of the case, the court is satisfied that appropriate disposition of the appeal does not warrant an opinion. See D.C.Cir. R. 36(b). Accordingly, it is

ORDERED AND ADJUDGED by the court that the judgment of the district court is affirmed for the reasons set forth in the attached memorandum.

The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir. Rule 41.

Drysdale seeks to overturn a district court's decision not to vacate or modify an arbitration award rendered against the company in connection with a dispute that arose out of a house renovation contract with the Frists. Drysdale's main complaints are that the arbitrator (1) impermissibly allowed the Frists to raise new allegations of missing items in their rebuttal submissions, without allowing Drysdale an opportunity to respond, thereby violating the District of Columbia Uniform Arbitration Act, D.C.Code § 16–4311(4) (2001), and (2) adopted a new pricing formula, which either contained an obvious mathematical error, or, in the alternative, was premised on evidence that the arbitrator could not have considered unless he avoided violation of § 16–4311(4) by allowing

rebuttal. For the reasons stated below, we affirm.

■ The district court has adequately resolved all issues raised in this case, especially in light of the exceedingly narrow standard of review that applies to challenged arbitrators' decisions. See, e.g., *Northwest Airlines, Inc. v. Air Line Pilots Ass'n Int'l*, 808 F.2d 76, 80 (noting that this standard is "amongst the narrowest known to the law") (quoting *Diamond v. Terminal Ry. Ala. State Docks*, 421 F.2d 228, 233 (5th Cir.1970) (internal quotation marks omitted)). As the appellant itself acknowledges in its reply brief, each of the purportedly "new" items introduced by the Frists on rebuttal was a subject of previous testimony and exhibits produced by both sides during the seven-day arbitration hearing. Appellant's Reply Br. at 1. In fact, a majority of those "items" were claims of either double billing or lack of supporting documentation, see Affidavit of Karyn Frist, Attachment 1 (Mar. 13, 1998), J.A. 319–23, all of which were already subject to the arbitrator's previous order to Drysdale to produce all related receipts, contracts, and other documents. In addition, a videotape of the house, made by Drysdale in connection with the arbitration proceedings, could have been deemed by the arbitrator to be a sufficient basis for evaluating the truthfulness of the "new" claims. The arbitrator was clearly presented with a point-by-point response by the Frists to each of Drysdale's claims of lack of opportunity to respond, see Opposition to Claimant's Motion to Strike or for Leave to Respond to Respondents' Post Hearing Submissions, at 8–9, J.A. 349–50, and Drysdale has failed to show that the arbitrator's evidentiary rulings involved the sort of "refus[al] to hear [material] evidence" that calls for vacation of an award under the statute. See D.C.Code § 16–4311(4) (2001). Rather, his ruling was squarely within his discretion to determine whether further evidentiary submis-sions would be "cumulative, unreliable, or of slight value compared to the time and expense involved." Construction Industry Arbitration Rule 31 (American Arbitration Association 1996); Memorandum Opinion at 8, J.A. 16.

■ With respect to the proper value of the pricing multiplier, we reject Drysdale's contention that the arbitrator's use of 1.4 was a mistake that warrants modification of the award. Drysdale argues that the arbitrator misinterpreted the Frists' rebuttal testimony, and, contrary to the Frists' continuing acknowledgement that a coefficient of 1.67 should have been used, erroneously applied one equal to 1.4. But this is undercut by Drysdale's own contemporaneous interpretation of the Frists' rebuttal affidavit as suddenly espousing "the new 1.40 markup," which in turn caused Drysdale to file a written objection to the arbitrator on that ground. See Claimant's Motion to Strike or for Leave to Respond to Respondents' Post–Hearing Submissions, at 2, J.A. 339. Ambiguities present in the record on this issue preclude us from finding that the arbitrator's choice of 1.4 was "an evident miscalculation of figures," so as to fall within statutory grounds for correcting an arbitration award. See D.C.Code § 16–4312 (2001); cf. *Apex Plumbing Supply, Inc. v. United States Supply Co.*, 142 F.3d 188, 194 (4th Cir.1998) (holding, in construing the Federal Arbitration Act, that the remedy of modification of an "evident miscalculation of figures" could only apply to mathematical errors appearing *on the face* of the award).

■ Were the Frists indeed suddenly contending on rebuttal that 1.4 represents the proper industry mark-up, Drysdale submits, then, because it represented an abrupt change in their prior position, the arbitrator should have either ignored it, or allowed Drysdale to respond. But under District of Columbia law, the arbitrator's

refusal to hear material evidence leads to vacatur only if it has resulted in substantial prejudice to one party's rights. See D.C.Code § 16–4311(4) (2001). Because the proper value of the multiplier in the pricing formula was exhaustively debated by the parties even prior to the rebuttal stage, Drysdale had an adequate opportunity to present its views on this subject. Therefore, even if erroneous, the arbitrator's evidentiary ruling disallowing further submissions by Drysdale could hardly be described as depriving Drysdale of a fair hearing. See, e.g., *Hoteles Condado Beach v. Union De Tronquistas*, 763 F.2d 34, 40 (1st Cir.1985) ("vacatur is appropriate ... when the exclusion of relevant evidence 'so affects the rights of a party that it may be said that he was deprived of a fair hearing.' ") (quoting *Newark Stereotypers' Union No. 18 v. Newark Morning Ledger Co.*, 397 F.2d 594, 599 (3d Cir. 1968)); *Fairchild & Co. v. Richmond, F. & P.R. Co.*, 516 F.Supp. 1305, 1315 (D.D.C. 1981) (evidentiary mistakes do not provide grounds for vacating an arbitration award unless they undermine the fundamental fairness of the proceedings).