**INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL UNION NO. 278, Plaintiff-Appellee-Cross Appellant,**

v.

**JETERO CORPORATION, Defendant-Appellant-Cross Appellee.**

No. 73-2860.

United States Court of Appeals, Fifth Circuit.

June 21, 1974.

Michael C. Kendrick, Jr., Corpus Christi, Tex., Robert S. Bambace, Hugh E. Hackney, Houston, Tex., for defendant-appellant.

David L. Perry, Corpus Christi, Tex., for plaintiff-appellee.

Before BELL, SIMPSON and INGRAHAM, Circuit Judges.

BELL, Circuit Judge:

This appeal involves an arbitration award which resulted from a suit to enforce a collective bargaining agreement under § 301 of the Labor-Management Relations Act. 29 U.S.C.A. § 185. The dispute between the parties centers on a contract dated May 8, 1972 wherein it was provided:

"1.  As to proposed construction sites at Sage Apartments, Corpus Christi, Texas and Everhart Apartments, Corpus Christi, Texas, Jetero Corporation agrees to comply with the terms of your 'Agreement between the Texas Gulf Coast Division of the Southeast Texas Chapter, National Electrical Contractors Association, Inc., and Local Union No. 278 of the International Brotherhood of Electrical Workers, Corpus Christi, Texas,' as approved October 9, 1970, and amendments thereto."

It is to be noted that this contract refers to the "October 9, 1970" agreement and "amendments thereto." The key issue presented is whether an agreement dated September 1, 1972 was an amendment to the October 9, 1970 agreement.

The plaintiff union sought injunctive relief based on an alleged breach of the May 8 contract by virtue of defendant using a non-union electrical subcontractor on the named jobs. The court denied injunctive relief but found that the May 8 contract was valid and binding, and that the defendant was bound to comply with the terms of the agreement dated October 9, 1970 which is referred to therein. The court went on to hold that the defendant had breached the May 8 contract and ordered defendant "to comply with whatever grievance and arbitration provisions are contained" in the October 9, 1970 agreement. In the same order the court held that the September 1, 1972 agreement was not binding on defendant.

The dispute then went to arbitration and the union moved to enforce the award of the arbitrators. The arbitration provision in the October 9, 1970 agreement, in lieu of strikes or lockouts, provided for a labor-management committee consisting of representatives of the union and employer. All unresolved grievances or questions in dispute "relating to the agreement" were to be referred to this committee. Article I, §§ 4–6.

■   The award of the arbitrators required payments of lost back wages to the union through August 1972 under the October 9, 1970 agreement and

thereafter under the September 1, 1972 agreement. As stated, the controversy is over whether the September 1, 1972 agreement was an amendment to the 1970 agreement as found by the arbitrators despite the contrary ruling of the court in the order of reference to the arbitrators. The district court set aside the arbitration award to the extent that it included the 1972 agreement, holding that the arbitrators exceeded their authority in view of the court's prior construction of the May 8 contract to the effect that the 1972 agreement was not an amendment to the 1970 agreement. We agree.

In Atkinson v. Sinclair Refining Company, 370 U.S. 238, 82 S.Ct. 1318, 8 L. Ed.2d 462 (1962), the court said:

> "Under our decisions, whether or not the company was bound to arbitrate as well as what issues it must arbitrate is a matter to be determined by the Court on the basis of the contract entered into by the parties . . . ." 370 U.S. at 241.

The district court made this determination in the order of reference.[1] The May 8, 1972 contract was not embraced in the 1970 agreement containing the arbitration provision. The language "and amendments thereto" in the May 8, 1972 contract was an entirely separate matter from the 1970 agreement and the parties had agreed only to arbitrate grievances and disputes relating to the 1970 agreement. The district court was not in error in restricting the arbitrators to an award based on the October 9, 1970 wage scale. *Cf.* The *Steelworkers' Trilogy.*[2] *Cf.* also Local Union No. 787, Int'l Union of Elec., Radio and Machine Workers v. Collins Radio Co., 5 Cir., 1963, 317 F.2d 214; Oil Chemical and Atomic Workers International Union v. Southern Union Gas Company, 5 Cir., 1967, 379 F.2d 774.

■ The defendant contends that it was improper to refer the matter to arbitration in the first instance. The union suggested the remedy of arbitration after having first filed suit. The union answers that the defendant was denying that a contract was involved prior to the suit having been filed but changed its position after the suit was filed to admit the contractual coverage. It was at this point, contends the union, that arbitration became a proper course. The district court did not err in requiring arbitration. The duty to arbitrate is of contractual origin and here the contractual requirement cannot be disputed.

It does not appear that a dispute exists as to the date when defendant ceased to be in violation of the May 8 contract. This is a tangential question for determination on remand. It will be necessary in any event for a computation to be made of the sums due under the award of the arbitrators as modified by the district court.

Affirmed on the appeal and cross-appeal; remanded for further proceedings not inconsistent herewith.

---

1. "It is, therefore, ORDERED, ADJUDGED and DECREED that Plaintiff's Application for a Temporary Injunction be, and the same is hereby, denied. However, the Court does direct the Defendant Jetero to comply with whatever grievance and arbitration provisions are contained in the document which is heretofore referred to as Plaintiff's Exhibit No. 2." [Agreement of October 9, 1970]

2. United Steelworkers of America v. American Manufacturing Company, 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960); United Steelworkers of America v. Warrior & Gulf Navigation Co., 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960); United Steelworkers of America v. Enterprize Wheel and Car Corp., 363 U.S. 593, 80 S.Ct. 1358, 4 L. Ed.2d 1424 (1960).