**FLORIDA TELEPHONE CORPORATION, Plaintiff,**

v.

**COMMUNICATION WORKERS OF AMERICA and Jeurgen A. Nanders, Defendants.**

**No. 78–68–Civ–Oc.**

United States District Court, M. D. Florida, Ocala Division.

May 3, 1979.

Smith, Currie & Hancock, Atlanta, Ga., John Moxley, Ocala, Fla., for plaintiff.

Adair, Goldthwaite & Daniel, Atlanta, Ga., for defendants.

## OPINION

CHARLES R. SCOTT, Senior District Judge.

This is a labor relations suit brought by Florida Telephone Corporation (the 'company') seeking an order declaring the opinion and award of an arbitrator to be null and void on the basis that the arbitrator exceeded his authority. Defendants, an employee of Florida Telephone Corporation, Jeurgen A. Nanders, and the employees' union, Communication Workers of America (the 'union') have counterclaimed seeking enforcement of the arbitrator's decision. Jurisdiction is based on 29 U.S.C. § 185. Both sides have filed motions for summary judgment.

The controversy arises out of the company's discharge of employee, Nanders, on January 23, 1978, which resulted in grievance proceedings being filed by Nanders and the union against the company. Ultimately, under the terms of the collective bargaining agreement, the question was submitted to Lawrence W. Kanzer, as arbitrator.

The issues as stated by the arbitrator were (1) whether the company discharged Nanders for just cause under the contract, and, if not, what was the proper remedy; and (2) what was the proper burden of proof in the case. The arbitrator recognized the applicable provisions of the collective bargaining agreement to be Article IV, §§ 1 and 3,[1] and Article VII, § 3.[2] Section 1

---

1. *ARTICLE IV  MANAGEMENT RIGHTS*

Section 1. Except to the extent expressly abridged by a specific provision of this Agreement, the Company exclusively reserves and retains all of its inherent rights to manage the business, as such rights existed prior to the execution of this Agreement. It is agreed that the Company alone shall have the authority to determine and direct the policies, modes and methods of operating the business, without interference by the Union. Without limiting the generality of the foregoing, the sole and exclusive rights of management which are not abridged by this Agreement include . . . discharge or otherwise discipline employees;
. . . .

\* \* \* \* \* \*

Section 3. Employees may be disciplined and/or discharged for cause. Cause for the purpose of discipline or for the purpose of

of Article IV grants the management the "sole and exclusive rights" to discharge or otherwise discipline employees. Section 3 of Article IV provides that employees may be disciplined and/or discharged only for cause and then enumerates a number of activities constituting cause. Finally, Article VII, § 3 provides that in any disciplinary grievance submitted to the arbitrator, the arbitrator "shall not substitute his judgment for that of management."

In his opinion and award, the arbitrator, weighing the evidence presented before him, found and concluded that "the employer had just cause under the discipline section of the contract to impose a severe penalty upon [employee Nanders]." However, the arbitrator also found that he was empowered to convert or modify a discharge into a suspension. His reasoning was as follows:

> The arbitrator construes the earlier quoted discipline section of the contract to allow the company to discharge grievant or suspend him without prior warning if he is guilty of theft, violation of company policy or failure to obey instructions of his supervisor. Discharge is not, therefore, mandatory or automatic. If it were, then an arbitrator, because of contractual limitations or restrictions, would not be empowered to convert or modify a discharge into a suspension. It is, therefore, specifically found that such reduction is permitted by the arbitrator under the above-quoted language of the section of the contract dealing with discipline.

Thereupon, relying on arbitration precedent, the arbitrator reduced the penalty of discharge to a suspension believing that the company's action was excessive, unreasonable and an abuse of its discretion.

The only question raised by this suit, and which the Court can properly address, is whether the arbitrator exceeded his authority by altering the disciplinary measure taken by the company against employee Nanders. The facts being undisputed, the only issues remaining are matters of law.

The company does not contend that the arbitrator merely misinterpreted the contract, but rather asserts that he was without the authority to indulge in the interpretation at all. The union, on the other hand, would place the question within the realm of the arbitrator's inherent and contractual authority to interpret the collective bargaining agreement. The arbitrator having done so, the union contends that the Court cannot substitute its understanding of the contractual language.

The point of departure for any court reviewing a decision of an arbitrator rendered pursuant to a collective bargaining agreement is always the trilogy of steel workers' cases: *United Steel Workers of America v. American Manufacturing Co.*, 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960); *United Steel Workers of America v. Warrior & Gulf Navigation Company*, 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960); *United Steel Workers of America v. Enterprise Wheel and Car Corp.*, 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960).

---

discharge, or either, shall include, but shall not be limited to: insubordination, violation of Company rules, failure to obey instructions of a supervisor, failure to perform the job properly in accordance with Company standards, absenteeism, dishonesty, negligence, misrepresentation of any fact in connection with any claim or concerning employment or pay, any other action not in the best interest of the Company, its employees, or its customers.

**2.** *ARTICLE VII ARBITRATION*

Section 3. The jurisdiction and the authority of the arbitrator and his opinion and award shall be strictly limited to interpretation of the written provisions of this Agreement. The arbitrator shall have no power to add to, subtract from or in any way modify the terms of this Agreement.

The arbitrator shall not have jurisdiction or authority to substitute his judgment for that of management in any area that has not been clearly delegated to him by management and the Union. Under the terms of this Agreement the arbitrator shall have authority only to interpret and apply the specific provisions of this Agreement which constitute the only basis upon which his decision shall be rendered. In any grievance arising out of any disciplinary action taken by the Company against any employee, the arbitrator shall not substitute his judgment for that of management.

These cases, at the very least, teach that the scope of review of an arbitrator's decision is very limited. The courts are strongly admonished not to review the merits of an arbitration award. *United Steel Workers of America v. Enterprise Wheel and Car Corp.*, 363 U.S. at 596, 80 S.Ct. at 1360, 4 L.Ed.2d at 1427. Moreover, the courts are not to substitute their interpretation of the collective bargaining agreement for that of the arbitrator's. *United Steel Workers of America v. American Manufacturing Company*, 363 U.S. at 568, 80 S.Ct. at 568, 4 L.Ed.2d at 1407. On the other hand, the arbitrator's authority to render a decision is drawn from the collective bargaining agreement. If the agreement restricts or denies the arbitrator the authority to act in a particular area, the courts are duty bound to uphold that limitation. *United Steel Workers of America v. Enterprise Wheel and Car Corp.*, 363 U.S. at 597, 80 S.Ct. at 1361, 4 L.Ed.2d at 1428.

■ Indeed, the law is clear that an arbitrator's interpretation of the collective bargaining agreement is as much a part of the agreement as the express language itself, *Safeway Stores v. Bakery Workers Local 111*, 390 F.2d 79, 83–84 (5th Cir. 1968), and the arbitrator's decision should not be disturbed "so long as it draws its essence from the collective bargaining agreement." *United Steel Workers of America v. Enterprise Wheel and Car Corp.*, 363 U.S. at 597, 80 S.Ct. at 1361, 4 L.Ed.2d at 1428; *Boise Cascade v. United Steel Workers of America*, 588 F.2d 127, 129 (5th Cir. 1979). When faced with a question of interpretation, the arbitrator is entitled to look to extrinsic evidence such as the common law of the shop. This use of sources of law outside the contract, however, is limited to situations where the collective bargaining agreement does not clearly limit the arbitrator's authority. *Boise Cascade v. United Steel Workers of America*, 588 F.2d at 129 n. 2; *International Brotherhood of Electrical Workers v. Jetero Corp.*, 496 F.2d 661, 663 (5th Cir. 1974).

■ In the present case, the arbitrator construed a section of the collective bargaining agreement in a manner which allowed him to review and modify the disciplinary measures taken by the company against an employee. Conspicuously absent from this interpretation, is any mention or consideration of the section of the agreement specifically denying him authority in disciplinary proceedings to substitute his judgment for that of the company. While it may be true that, generally, the arbitrator is authorized to review the reasonableness of a company's disciplinary action against its employees, when the collective bargaining agreement so clearly and unequivocally places the discretion solely and exclusively in the company, that general rule cannot apply. *Communication Workers of America v. Western Electric Co.*, 397 F.Supp. 1318 (N.D.Ga.1975), aff'd per curiam, 558 F.2d 816 (5th Cir. 1977); *Magnavox Company of Tennessee v. International Union of Electrical, Radio and Machine Workers*, 410 F.2d 388, 389 (6th Cir. 1969).

■ With all due respect to the arbitrator, the Court must find that by substituting his judgment as to the proper discipline to be imposed upon employee Nanders, the arbitrator exceeded the authority granted him by the collective bargaining agreement. Once the arbitrator found that the company had cause for disciplining employee Nanders, his duty under the labor agreement was fulfilled. The arbitrator's modification of the discipline from discharge to a suspension was "without foundation in reason or fact" and, thus, must be vacated and set aside. *Machinists District No. 145 v. Modern Air Transport, Inc.*, 495 F.2d 1241, 1244 (5th Cir. 1974). Accordingly, it will be so ordered.

### ORDER

For the reasons set forth in the Court's opinion of this date, it is now

ORDERED:

1. Defendants' motion for summary judgment, filed December 18, 1978, is denied.

2. Plaintiff's motion for summary judgment, filed January 11, 1979, is granted.

3. The opinion and award of the arbitrator, Lawrence W. Kanzer, filed September 6, 1978, is vacated and set aside insofar as it reduces the discipline imposed upon employee Nanders from discharge to a suspension.