POSADAS de PUERTO RICO
ASSOCIATES, INC., etc.,
Plaintiff,

v.

UNION de TRABAJADORES de la INDUSTRIA GASTRONOMICA de P.R.,
LOCAL 610, etc., Defendant.

Civ. No. 87–216 HL.

United States District Court,
D. Puerto Rico.

Sept. 28, 1987.

Pedro Pumarada, José A. Silva Cofresí, Fiddler, González & Rodríguez, San Juan, P.R., for plaintiff.

Francisco Aponte Perez, Santurce, P.R., for defendant.

### OPINION AND ORDER

LAFFITTE, District Judge.

Posadas de Puerto Rico Associates, Inc., d.b.a. Condado Plaza Hotel and Casino ("Posadas") complains under Section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. sect. 185, seeking to set aside and vacate an arbitration award. The arbitrator ruled that the hotel discharged Argelio Torres, a refrigeration technician, without just cause and ordered the hotel to reinstate him without back pay. Torres is a member of and is represented in this action by defendant Unión de Trabajadores de la Industria Gastronómica de Puerto Rico, Local 610 ("the Union"). Posadas avers that in reinstating Torres the arbitrator exceeded his authority under the collective bargaining agreement. Posadas argues that the right to discipline employees for the offense Argelio Torres commit-

ted is reserved to the hotel. The Union moves for summary judgment. Posadas opposes and files a crossmotion for summary judgment.

◼ The standard of review of arbitration awards is narrow. Arbitration is the preferred method for settling disputes over the interpretation or application of a collective bargaining agreement. *United Steelworkers of America v. America Manufacturing Co.*, 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960). It is widely recognized and unequivocally stated that where the parties to a labor contract have bargained for the arbitrator's decision, a court may not substitute its own interpretation for that of the arbitrator's, unless the arbitrator's interpretation fails to "draw its essence from the collective bargaining agreement." *United Steelworkers of America v. Enterprise Wheel And Car Corp.*, 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed. 2d 1424 (1963). If the agreement restricts or denies the arbitrator the authority to act in a particular area, courts are bound to uphold that limitation. *Id.* On the other hand, if there is no clear limitation or there is ambiguous language in the contract, arbitrators have great latitude in construing it. *Hoteles Condado Beach v. Union de Tronquistas, Local 901*, 763 F.2d 34, 41 (1st Cir.1985), *citing Westinghouse Elevators of Puerto Rico, Inc. v. S.I.U. de Puerto Rico*, 583 F.2d 1184, 1186 (1st Cir.1978). *See also, Bettencourt v. Boston Edison Company*, 560 F.2d 1045, 1050 (1st Cir. 1977) (arbitrator's award must be enforced unless it is unfounded in reason or fact or based on reasoning "so palpably faulty that no judge, or group of judges, could ever conceivably have made such a ruling"). The law to be applied in review of an arbitrator's award, when the labor contract provides that the award shall "conform to law," is the substantive federal labor law and the standard of review is "manifest error." *Hilton International Co. v. Union de Trabajadores de la Industria Gastronomica de Puerto Rico, Local 610*, 600 F.Supp. 1446, 1449 (D.C.P.R.1985).

Collective bargaining agreements vary in their contents. Some are quite detailed

and specific about the relative powers of management, employees, the union, and, if applicable, the arbitrator. Others are broader, giving the parties basic rights and leaving it to the arbitrator to settle specific disputes. Most collective bargaining agreements contain an arbitration clause, a clause requiring just cause for discharge, and a management rights clause, usually reserving to management the right to control the operation of the business. Management rights and arbitration clauses vary in detail and specificity.

On one end of the spectrum of the allocation of the right to discipline, a collective bargaining agreement which provides for arbitration may prevent the arbitrator from substituting his judgment for that of management. Under such a labor contract, the proper remedy for an employee's transgression may be determined only by management. The arbitrator is limited to inquiring into whether the company's complaint against the employee is supported by the facts or whether management has acted arbitrarily or in bad faith. *See Truck Drivers And Helpers Union Local 784 v. Ulry-Talbert Company*, 330 F.2d 562 (8th Cir.1964). *But see, Timken Company v. United Steelworkers of America*, 492 F.2d 1178 (6th Cir.1974) (sentence providing that discharge shall be arbitrable followed by sentence requiring company to reinstate employees found factually not guilty by arbitrator of the offense charged was susceptible to the interpretation by arbitrator that discharge penalty was not proper even though he determined that the employee had committed the offense charged).

Most agreements, however, do not contain such a specific limitation in the arbitration clause. Usually the only limitations placed on the arbitrator are that the award must not be contrary to law and a prohibition to amend, alter or delete any of the provisions of the collective bargaining agreement.

A more common form of limitation appears in the management rights or other clauses of the collective bargaining agreement. Quite often the parties expressly set forth rules in a collective bargaining agreement that certain types of employee actions may subject them to certain types of discipline. With such an agreement it is assumed that the parties have bargained for the rule and respective penalty as they appear in the collective bargaining agreement and the arbitrator is precluded from substituting his disciplinary judgment for that of management's. The language of the rule provision can be crucial. *See Morgan Services v. Local 323, Chicago and Central States*, 724 F.2d 1217 (6th Cir. 1984) (arbitrator precluded from modifying penalty of employee discharged for insubordination where contract provided that "any employee may be discharged without redress if proven guilty of ... insubordination"); *International Brotherhood of Firemen v. Nestle Co., Inc.*, 630 F.2d 474 (6th Cir.1980) (no arbitration of penalty where rule stated that insubordination, dishonesty, etc., "shall constitute cause for dismissal"); *Mistletoe Express Service v. Motor Expressman's Union*, 566 F.2d 692 (10th Cir.1977) (provision that "employees may be discharged for just cause" followed by a listing of causes gives management sole right to determine discipline).

The cases cited above show that the sole power to mete out penalties for specified offenses may be expressly reserved to management. All that is required is that the offenses and their respective penalties be spelled out in the agreement. This indicates that the parties bargained for the allocation of the power to management, taking the power away from the arbitrator. A similar reservation of rights may be achieved where the shop rules and discipline are appended to and/or incorporated by reference in the agreement. *See S.D. Warren v. United Paperworkers Int. Union*, 815 F.2d 178 (1st Cir.1987); *Hoteles Condado Beach, supra; Local 217, International Union of Electric, Radio, and Machine Workers v. Holtzer-Cabot Corp.*, 277 F.Supp. 704 (D.C.Mass.1967) (long standing rules incorporated by reference).

In direct contrast with the situation in which the exclusive right to discharge or impose other penalties is expressly reserved to management in the management

rights clause or elsewhere in the collective bargaining agreement is the contract which expressly confers a right of review of imposed discipline upon the arbitrator. *See International Union of Electricity, Radio, And Machine Workers, AFL–CIO v. General Electric Co.,* 407 F.2d 253 (2nd Cir.1968), *cert. denied,* 395 U.S. 904, 89 S.Ct. 1742, 23 L.Ed.2d 217. Under such contracts the source of the arbitrator's authority is clear. An arbitrator's authority is not always expressly conferred, however. An arbitrator's right to modify discipline may also be inferred by the language used in the provision specifying offenses and respective penalties. In *Posadas de Puerto Rico Associates, Inc. v. Asociacion de Empleados de Casino de Puerto Rico,* 821 F.2d 60 (1st Cir.1987) the agreement provided that an employee who violates a certain rule be subject to "disciplinary action, which may consist of a written warning, the suspension from employment and salary, and the definite termination of the employee depending on the magnitude of the violation and the disciplinary record of the employee." The First Circuit found that the arbitrator could lessen the imposed sanction because, unlike the situation presented in *Mistletoe Express Service, supra,* the provision did not state that violation of the rule was *per se* cause for dismissal. The conditional language in the penalty provision prevented management from assuming exclusive authority.

We have seen examples of arbitral authority to modify penalties being expressly limited and expressly and impliedly conferred in various collective bargaining agreements. In the middle of the spectrum is the agreement which does not deal with the matter. The particular offense charged against an employee does not appear in the agreement with a particular penalty or range of penalties. Under such an agreement, and where a just cause for discharge standard appears, it has been stated that "the right of the arbitrator to change or modify penalties found to be improper or too severe may be deemed to be inherent in arbitrator's power to decide the sufficiency of cause." Elkouri and El-

kouri, *How Arbitration Works,* p. 688 (4th Ed.1985).

The general rule is that the arbitrator is authorized to review the reasonableness of a company's disciplinary action. *Florida Telephone Corp. v. Communication Workers of America,* 475 F.Supp. 213, 216 (D.C.Fla.1979). "In the absence of a contract-specified penalty, the Arbitrator could fashion a reasonable penalty." *Fabricut, Inc. v. Tulsa General Drivers, Warehousemen and Helpers, Local 523,* 597 F.2d 227, 229 (10th Cir.1979). A general management rights clause standing alone does not take this authority away from the arbitrator in favor of the company. "[W]here the management prerogative to discipline is not coupled with a specific punishment for the violation … the punishment imposed by management together with the factual basis for the punishment is subject to review by the arbitrator." *S.D. Warren Co. v. United Paperworkers International Union,* 815 F.2d at 183.

The instant case involves modification of a disciplinary penalty by the arbitrator. Argelio Torres was discharged for being absent without notification. It was not his first offense. In fact, his prior attendance record could hardly be called exemplary. On August 7, 1984 he was suspended for one day for absence without notification. On November 9, 1985 he was not permitted to work because he reported late. On April 17, 1986 he was warned that if his attendance record did not improve the company would take corrective measures. On April 26, 1986 he was suspended for one day for being absent after he had reported that he would be late.

The immediate sequence of events that led to Torres' dismissal began on Friday, June 13, 1986 with his absence without notification. In response, the company suspended him for his next two working days (Saturday the 14th and Tuesday the 17th; the 15th and 16th were his days off), notifying him by memorandum clipped to his assistance card. Torres did not report for work on Saturday the 14th. When he reported on Tuesday the 17th he was informed that he was being discharged.

Torres appealed his discharge through the grievance procedure provided for in the collective bargaining agreement.[1] The parties agreed to submit to the arbitrator the following issue:

> To determine if the grievant's dismissal was or was not justified and if it was not that the Arbitrator provides the adequate remedy.

The arbitrator found that there was no just cause for the dismissal and ordered Torres' reinstatement. The hotel now appears before the Court seeking a judgment that the arbitrator's award exceeded his authority under the collective bargaining agreement.

As noted, the collective bargaining agreement routinely provided for arbitration of grievances arising over interpretation of the agreement. The specific authority to arbitrate or modify discipline imposed by management is neither reserved to nor taken away from the arbitrator therein. The Management Rights clause generally confers upon management the exclusive right to operate, control, and direct the hotel's business, including "the establishment and execution of reasonable regulations."[2] Pursuant thereto, management promulgated shop Rules and Regulations, rule 3B of which requires an employee who has to be absent due to an emergency to inform his supervisor at least 45 minutes before his shift begins on that day, so that a replacement may be scheduled. Further on, Rule 3B states that "[a]bsences that are not notified shall be cause for disciplinary sanction, including dismissal." Nowhere in the agreement proper is absenteeism addressed. Article XI, section 11 of the agreement does provide that "[n]o em-

ployee shall be discharged or disciplined without just cause."

Based on the aforesaid facts and interpreting the collective bargaining agreement, the arbitrator ruled that there was no just cause for the dismissal of Argelio Torres. First, the arbitrator found that Torres had committed the charged offense. Then, taking into account Torres' disciplinary record, and finding that Torres' problem was partly attitudinal, the arbitrator ventured that "a prolonged suspension could have corrective effects." The arbitrator noted that the main purpose of the regulation requiring notification of absence —to give the company sufficient time to secure a replacement, as explained in the regulation itself—was not thwarted by Torres' additional fault of not reporting for work on the 14th. After not reporting on the 13th he had been suspended, and presumably replaced, for the 14th and 17th. The additional fault of not reporting on the 14th (though he was in actuality suspended, he had no way of knowing it) was thus not sufficiently grave to support the imposition of the additional sanction of discharge on top of the two day suspension, without an intervening warning. In addition to determining that there was just cause for the imposition of a prolonged suspension instead, the award denied backpay during the period of discharge (up to the date of issuance of the award, January 14, 1987) and warned that further violation of the absence notification regulation could lead to discharge.

The hotel, through Posadas, filed this complaint seeking to set aside the arbitration award. It argues that the arbitrator exceeded his authority under the agree-

---

1. The arbitration provisions in the agreement are fairly standard and appear in Article XV. Section 6 in pertinent part states that: "The award of the arbitrator shall be final and binding on the parties, provided the same conforms to law, and provided that no award of the arbitrator may vary or alter the provisions of this contract ..."

2. Article XVI—Management Rights provides in whole:

> "All the matters related to the operation, control and direction of the employer's business, including, and not to be understood as

an exhaustive list, but as an example, the following, personnel selection, control and direction of the employees, the determination and/or change of concept and the method of operation of all public rooms and/or departments of the hotel, including the introduction of new methods, operational practices and machinery and/or operational systems, and the establishment and execution of reasonable regulations are reserved to the employer, unless the contrary may have been expressly provided by this Agreement."

ment by modifying the penalty. Posadas argues that the extent of the arbitrator's authority under the just cause standard is to determine whether Torres committed the offense. Once the arbitrator made that determination, the argument goes, he had no power to modify the penalty from discharge to a reinstatement without back pay.[3] The shop rule, promulgated pursuant to the Management Rights clause, plainly states that absence without notification shall be cause for discharge. Relying on *S.D. Warren Co.* and other cases, Posadas argues that the specification of the offense and penalty in the shop rules is unambiguous and in no need of further interpretation by the arbitrator. Since the rule has not been found to be unreasonable or contrary to an express provision of the contract, and there is no provision giving the arbitrator the power to prescribe the penalty for its violation, the power to suspend or terminate was vested solely in management.

Posadas' well presented argument must fail. The clear distinguishing feature of this case is that the shop rule on notification of absence cannot be considered a part of the collective bargaining agreement. In all of the cases cited by Posadas in its brief and by the Court *infra* where enforcement of an award modifying a penalty imposed by management was denied, the particular rule (offense and penalty) at issue appeared as a provision in the agreement itself (*Mistletoe, Morgan Services*, etc.) or had been incorporated into the agreement by reference (*Local 217*) or appendix (*S.D. Warren, Hoteles Condado Beach*). No such relationship exists in this case. The only connection is through the Management Rights clause which generally gives the company the power "to establish and execute reasonable regulations." The con-

tent of the "reasonable" regulations themselves are not a part of the agreement and were not bargained for. Whether an employee may be discharged for specific instances of absences without notification remains subject to the just cause standard. In the absence of an unambiguous *per se* rule incorporated into the agreement, the arbitrator was not deprived of his authority to interpret the agreement concerning offense and penalty.

The case of *Campo Machinery Co., Inc. v. Local Lodge No. 1926 of the International Association of Machinists and Aerospace Workers*, 536 F.2d 330 (10th Cir.1976) is especially illuminative of the facts in the case before us. The court ordered reinstatement of an employee who had admittedly breached a shop rule which provided for discharge as a penalty for its violation. The shop rules were not incorporated into the collective bargaining agreement. They had been established pursuant to the contractually recognized management rights clause to promulgate rules and regulations that were not inconsistent or in conflict with other provisions of the agreement. The court held that the arbitrator was within his authority to interpret the contract in determining that though the rule was reasonable, and known to both the union and employees, violation of the rule did not warrant discharge in every case, and in that particular case just cause for discharge was lacking.

The instant case presents an identical situation. As such, any grievance concerning the penalty remains subject to the arbitrator's interpretation in light of both the submission agreement and the collective bargaining agreement, including the just cause for discharge provision.

WHEREFORE, defendant's motion for summary judgment to dismiss the com-

---

**3.** Regarding the employer's argument that the arbitrator exceeded his authority by ordering reinstatement without back pay in violation of the collective bargaining agreement, we note that in the submission agreement, see page 62 *ante,* the employer explicitly authorized and empowered the arbitrator to "provide the adequate remedy" should he find grievant's dismissal not justified. This is precisely what the arbitrator did in this case pursuant to the authority vested

upon him by the parties in the submission agreement. It is well settled that "a submission agreement confers authority on the arbitrator and defines with precision the contours of the controversy." *Hilton International Co. v. Unión de Trabajadores, etc.,* 601 F.Supp. 1446, 1449, note 6 (D.C.P.R.1985). Accordingly, the court finds this to be an independent and sufficient ground to uphold the award.

plaint and to enforce the award issued by Arbitrator Juan T. Rodríguez is hereby GRANTED. The Clerk shall enter judgment accordingly.

IT IS SO ORDERED.