**DUPONT PLAZA SAN JUAN HOTEL & CASINO, Plaintiff,**

v.

**ASOCIACION de EMPLEADOS de CASINO de PUERTO RICO, Defendant.**

**Civ. No. 86–0774 (JP).**

United States District Court, D. Puerto Rico.

Jan. 25, 1988.

Maria Milagros Soto, Santurce, P.R., for plaintiff.

José E. Carreras Rovira, Hato Rey, P.R., for defendant.

### OPINION AND ORDER

PIERAS, District Judge.

This case is brought by the Dupont Plaza Hotel under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185, seeking to set aside an arbitration award in favor of a casino employee, Arnaldo Oliveras. The parties met with the Court on September 26, 1986, and agreed to submit the matter to the Court for review of the arbitration award under First Circuit case law without further filings. On December 31, 1986, the casino and parts of the hotel were destroyed by fire. The hotel has not yet reopened. The Court nevertheless reviews the award as agreed earlier.

The plaintiff alleges that the arbitrator substituted his own judgment for that of the hotel's management in violation of the management-rights clause of the collective bargaining agreement; contests most of the arbitrator's findings of fact; and claims that the arbitrator's decision was so unfounded in reason and fact that the award

fails to draw its essence from the collective bargaining agreement.

■ Our analysis of the arbitrator's factual determinations is governed by the general rule of nonreviewability. Section 203(d) of the Taft–Hartley Act reads as follows:

Final adjustment by a method agreed upon by the parties is declared to be the desirable method for settlement of grievance disputes arising over the application or interpretation of an existing collective-bargaining agreement.

29 U.S.C. § 173(d). The reason for the rule of nonreviewability is that "the federal policy of settling labor disputes by arbitration would be undermined if courts had the final say on the merits of the award." *United Steelworkers v. Enterprise Wheel and Car Corp.*, 363 U.S. 593, 596, 80 S.Ct. 1358, 1360, 4 L.Ed.2d 1424 (1960). Therefore, an arbitration award should not be reversed unless it is foreign to the letter of the collective bargaining agreement or, in effect, modifies the agreement. "Nevertheless, an arbitrator is confined to interpretation and application of the collective bargaining agreement; he does not sit to dispense his own brand of industrial justice. He may of course look for guidance from many sources, yet his award is legitimate only so long as it draws its essence from the collective bargaining agreement. When the arbitrator's words manifest an infidelity to this obligation, courts have no choice but to refuse enforcement of the award." *Enterprise Wheel*, 363 U.S. at 597, 80 S.Ct. at 1361.

Several important First Circuit cases guide our analysis under *Enterprise Wheel*. In *Hoteles Condado Beach v. Union de Tronquistas Local 901*, 763 F.2d 34, 42 (1st Cir.1985), the court set aside an arbitration award, finding that the arbitrator ignored the clear language of the contract and abused his discretion in failing to consider whether the company was justified in dismissing a hotel employee under the collective-bargaining agreement (CBA).

In *Bettencourt v. Boston Edison Co.*, 560 F.2d 1045 (1st Cir.1977), the court refused to set aside the award when it was challenged on the basis of the arbitrator's findings of fact. The court enunciated the following very strict standards: at a minimum, the party seeking to have the award vacated "must establish that the award is 'unfounded in reason and fact,' is based on reasoning 'so palpably faulty that no judge, or group of judges, could ever conceivably have made such a ruling,' or is mistakenly based on a crucial assumption which is 'concededly a non-fact.'" *Bettencourt*, 560 F.2d at 1050. *See also Westinghouse Elevators v. S.I.U. de Puerto Rico*, 583 F.2d 1184 (1st Cir.1978).

■ In this case, the hotel first complains that the arbitrator exceeded his authority and violated the management rights clause by considering the appropriateness of the discharge remedy (and in finding that the discharge was too harsh; so Oliveras should only have been suspended). However, the arbitrator selected the union's proposed submission[1] only after the parties agreed to have the arbitrator decide this question. It is thus clearly within the arbitrator's authority under the CBA.

■ The hotel says it disagrees with most of the arbitrator's findings of fact, noting in particular the arbitrator's finding that the hotel could not rightfully consider Oliveras' authorized leave for disciplinary purposes. A reading of the arbitrator's entire decision leads to the conclusion that his findings of fact were not unsupported and that his reasoning was not palpably faulty. The basis for the arbitrator's decision was that the discharge was too harsh in light of the hotel's failure to warn Oliveras or to impose progressive discipline. The arbitrator found that Oliveras was negligent in not timely renewing his gaming license and that he was excessively absent. The arbitrator concluded, however, that Oliveras was not put on adequate notice that his conduct was unacceptable because the hotel authorized his

---

1. The union's submission was to "determine if the dismissal of plaintiff Arnaldo Oliveras was or not justified. If it is determined that it was not, the Honorable Arbitrator will determine the appropriate remedy."

absences. Contrary to the plaintiff's suggestion, this reasoning is not so faulty that no judge could have reached such a ruling.

The hotel also claims that the arbitrator misconstrued the nature of the discharge as one for absenteeism rather than one for negligence in failing to renew a gaming license. Again, the arbitration award, considered as a whole, fairly and accurately considers the circumstances of the discharge. We see no evidence that the arbitrator was unreasoning in his consideration of the claim.

The award is thus, not unsupported by the record, and it does not fall under the *Bettencourt* standard—unfounded in fact or reason. *Bettencourt*, 560 F.2d at 1050. This Court shall not disturb the finding of the arbitrator.

The action for vacation of the arbitration award is therefore DISMISSED. The defendant's motion for summary judgment based on laches is MOOT.

The Clerk shall enter Judgment accordingly.

IT IS SO ORDERED.