**INTERNATIONAL SHIPPING AGENCY, INC., Plaintiff,**

v.

**UNION DE EMPLEADOS DE MUELLES DE PUERTO RICO, Defendant.**

**No. CIV. 97–2044(SEC).**

United States District Court,
D. Puerto Rico.

Sept. 14, 1998.

---

Rafael Cuevas–Kuinlam, Hato Rey, PR, for Plaintiff.

Edgardo L. Rivera–Rivera, San Juan, PR, for Defendant.

## OPINION AND ORDER

CASELLAS, District Judge.

This case is before the Court on defendant's motion to dismiss (**Docket # 3**), which was duly opposed (**Docket # 5**).[1] Plaintiff filed the instant complaint seeking to vacate an arbitration award issued on June 12, 1997, which granted reinstatement and back pay to an employee who plaintiff summarily dismissed on May 20, 1996. In its motion to dismiss, defendant essentially contends that the arbitrator's final and binding decision should not be altered by this Court because the arbitrator did not exceed his authority in interpreting the applicable collective bargaining agreement; and because the alleged prejudice claimed by plaintiff because of the time it took the arbitrator to reach this decision should not warrant that the award be vacated. Upon careful review of the relevant facts, the applicable law, and the arguments

---

1. In its opposition to defendant's motion to dismiss, plaintiff argued that given the evidence presented, summary judgment should be entered in its favor. Nevertheless, for the reasons stated below, we will refrain from interpreting defendant's motion as one for summary judgment.

advanced by both parties, the Court finds that defendant's motion should be **GRANTED**.

### Factual Background

On May 20, 1996, plaintiff, the International Shipping Agency, Inc., summarily dismissed Alfonso Miranda–Murphy, an employee and a union member, for allegedly making a derogatory comment of a certain client. Miranda–Murphy submitted this matter to an internal grievance procedure, but they were unable to come to an amicable solution to the problem. Thus, both the employer and the union to which Miranda–Murphy belonged submitted their case to final and binding arbitration at the Conciliation and Arbitration Bureau of the Puerto Rico Department of Labor, as per Article XII of their collective bargaining agreement.

An arbitration hearing was held on October 25, 1996 before arbitrator Radamés Jordán Ortíz, who worked at the Conciliation and Arbitration Bureau of the Puerto Rico Department of Labor. Upon listening to live testimony relating to the incident which led to Miranda–Murphy's dismissal, as well as examining his personnel file, the arbitrator granted the parties thirty days to file briefs in support of their position.

Finally, on June 12, 1997, the arbitrator issued a decision regarding Miranda–Murphy. He determined that Miranda–Murphy's termination had been unjustified, and therefore limited the disciplinary action taken by plaintiff to a thirty day suspension without pay. Moreover, the arbitrator found that plaintiff did not comply with Act No. 80 of May 30, 1976, 29 L.P.R.A. 185(a)–(m), which requires that there be just cause for an employee's dismissal, and that the dismissal have resulted from "a pattern of improper or disorderly conduct" leading to repeated violations of the rules and regulations of the company, provided that a copy of such guidelines has been given to the employee... According to the arbitrator, since plaintiff was unable to prove that a regulation existed, much less that a copy of such regulations had been given to Miranda–Murphy, plaintiff was ordered to immediately reinstate Miranda–Murphy and compensate him with back pay, except for the above–mentioned thirty day suspension period.

As stated previously, plaintiff now appeals the arbitrator's award and requests its vacatur on the grounds that the arbitrator ignored or failed to consider the employer's prior work record, which demonstrated that there were previous discipline incidents and a pattern of unacceptable conduct. This, plaintiff argues, effectively curtailed its ability to prove its case. In the alternative, plaintiff contends that the arbitrator unreasonably delayed the resolution of the controversy in question to an extent which was not bargained for by the parties, and which is contrary to federal labor policy. For the reasons stated below, we disagree.

### Applicable Law/Analysis

#### A.   Motion to Dismiss Standard [2]

In *Iacampo v. Hasbro, Inc.,* 929 F.Supp. 562 (D.R.I.1996), a federal district court cogently held that, "[l]ike a battlefield surgeon sorting the hopeful from the hopeless, a motion to dismiss invokes a form of legal triage, a paring of viable claims from those doomed by law." *Id.* 929 F.Supp. at 567. *See also Guckenberger v. Boston University,* 957 F.Supp. 306, 313 (D.Mass.1997).

In fact, Rule 12(b)(6) motions such as this one [3] have no purpose other than to "test the formal sufficiency of the statement of the claim for relief... [They are not, however,] a procedure for resolving a contest about the facts or the merits of the case." 5A Charles

---

**2.**   The First Circuit has held that the court may review documents "the authenticity of which [is] not disputed by the parties" without converting the motion into one for summary judgment. *Watterson v. Page,* 987 F.2d 1 (1st Cir.1993). Given that the authenticity of the documents submitted by plaintiff in support of his request has not been contested by defendant, we will consider defendant's motion as one to dismiss, under Rule 12(b)(6).

**3.**   Defendant predicates this motion to dismiss on Rule 12(b)(1) (lack of subject matter jurisdiction). We will nevertheless, address the motion as a Rule 12(b)(6) motion because we believe the question before us is not whether we have jurisdiction (we do under the Labor Management Relations Act), but rather, whether given the actual facts, we are allowed to vacate the arbitrator's award.

A. Wright & Arthur R. Miller, *Federal Practice & Procedure, supra* § 1356, at 294 (2d ed.1990). Only where the complaint fails to comply with the liberal standard provided in Rule 8(a), that is, to provide a "short and plain statement ... showing that the pleader is entitled to relief," will it be subject to dismissal under 12(b)(6). Fed.R.Civ.P. 8(a). *See also Federal Practice and Procedure, supra* at 296; *Podell v. Citicorp Diners Club, Inc.,* 859 F.Supp. 701 (S.D.N.Y.1994). It is the moving party which has the burden of proving that no claim exists. *Federal Practice and Procedure, supra* at 115 (1996 Supp.). *See also Clapp v. LeBoeuf, Lamb, Leiby & MacRae,* 862 F.Supp. 1050 (S.D.N.Y.1994).

In determining whether to grant a motion to dismiss, courts must construe the complaint "in the light most favorable to plaintiff" and treat her allegations as though they were true. *Federal Practice and Procedure, supra* at 304. *See also Rockwell v. Cape Cod Hosp.,* 26 F.3d 254 (1st Cir.1994). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). *See also Wyatt v. City of Boston,* 35 F.3d 13, 16 (1st Cir.1994); *Schroeder v. De Bertolo,* 879 F.Supp. 173, 175 (D.Puerto Rico, 1995).

Courts are not, however, required to "accept every allegation made by the complainant no matter how conclusory or generalized." *U.S. v. AVX Corp.,* 962 F.2d 108, 115 (1st Cir.1992). As the First Circuit has held, "[t]he pleading requirement, however, is 'not entirely a toothless tiger.' " *Doyle v. Hasbro,* 103 F.3d 186, 190 (1st Cir.1996), *quoting The Dartmouth Review v. Dartmouth College,* 889 F.2d 13, 16 (1st Cir.1989). This Court need not accept plaintiff's "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like." *Aulson v. Blanchard,* 83 F.3d 1, 3 (1st Cir.1996).

## B. Finality of an Arbitrator's Decision

The collective bargaining agreement ("CBA") signed by the above-captioned parties reads, in pertinent part:

In the event that any incident, dispute, controversy, or claim with respect to the interpretation of this Agreement, the Union or the Company, through their authorized representatives, will immediately submit the matter in issue to an authorized representative of the Company or of the Union. In the event that the matter not be resolved satisfactorily within the 48 hours (Saturdays and Sundays excluded) after having been submitted to the Company by the Union, or vice versa, the same shall be submitted to an Arbitration Committee that is hereby created, composed of five members, two representing the Company, who shall not be attorneys. The fifth member will be named by mutual agreement by the representatives of the Union and of the Company. In the event that parties do not reach an agreement, the fifth member will be one of the official arbitrators from the Departamento del Trabajo Estatal or which the Hon. Secretario del Trabajo de Puerto Rico may name, or the Director of the Negociado de Conciliacion y Arbitraje. The decision may be issued by the Arbitration Committee or by the fifth member, as the parties may agree in each case. Said decision shall be final and binding for all concerned parties and persons.

In the case that several disputes and controversies be found pending at the same time, priority will be given to the disputes and controversies that involve discharges, suspensions or other disciplinary action. If an employee were to be fired or suspended as a disciplinary measure by the Company and said suspension be found to be justified by an arbitrator, the decision will be accepted by both parties. But if found to be unjustified, the Company will reinstate him on his job, leaving to the discretion of the arbitrator the compensation to be paid.

Plaintiff's Exhibit 13, at 19–20.

In cases such as this one, where the collective bargaining agreement between the parties contains grievance procedures that designate arbitration as the final dispute-resolution mechanism, "courts play only a limited role when asked to review the deci-

sion of an arbitrator." *Exxon Corp. v. Esso Workers' Union,* 118 F.3d 841 (1st Cir.1997), *citing United Paperworkers Int'l Union v. Misco,* Inc., 484 U.S. 29, 36, 108 S.Ct. 364, 98 L.Ed.2d 286 (1987). In fact, "[a]s long as the arbitrator is arguably interpreting the CBA, a court cannot second-guess his decision." *Id.* 118 F.3d at 844. Such deference to an arbitrator's decision heeds a strong federal policy in favor of settling labor disputes by arbitration. *See, e.g., United Steelworkers v. Enterprise Wheel & Car Corp.,* 363 U.S. 593, 596, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960).

■ The arbitrator determines which evidence is admissible and/or relevant. Although it is not bound to hear all the evidence presented by the parties, it must nevertheless, give each of the parties the opportunity to present its evidence. Upon reviewing the evidence and the arguments advanced by each of the parties, the arbitrator then determines "the truth respecting material matters in controversy, as he believes it to be..." *Hoteles Condado Beach, La Concha and Convention Center v. Union De Tronquistas, Local 901,* 763 F.2d 34, 39 (1st Cir.1985).

■ An arbitrator's findings of fact are virtually unappealable. "Even if the arbitrator was seriously·mistaken about some of the facts, his award must stand." *El Dorado Technical Servs. v. Union Gen. De Trabajadores de PR,* 961 F.2d 317, 320 (1st Cir.1992). In fact, the First Circuit has developed a test for determining whether an arbitrator's deci-

sion may be reviewed by a court, whereby only if the decision is: (a) unfounded in reason and fact; (b) based on reasoning so palpably faulty that no judge, or group of judges, ever could conceivably have made such a ruling; or (c) mistakenly based on a crucial assumption that is concededly a nonfact; can a district court review his decision. *Local 1445, United Food and Commercial Workers v. Stop and Shop Co.,* 776 F.2d 19, 21 (1st Cir.1985), *referring to Bettencourt v. Boston Edison Co.,* 560 F.2d 1045 (1st Cir. 1977).

■ Based on the foregoing, we must determine whether the arbitrator's decision falls within any of the preceding categories and therefore, warrants our review. We find that it does not.

Upon reviewing the evidence presented by plaintiff, the arbitrator found that the prior incidents upon which plaintiff based in part its decision to discharge Miranda–Murphy had already been litigated through an internal grievance procedure that culminated in a stipulation which both parties signed on August 30, 1995. Given that such incidents had already been dealt with, the arbitrator thus concentrated on the evidence pertaining to the last incident which led to Miranda–Murphy's summary dismissal. His review of the evidence and the arguments presented by the parties led him to conclude that the facts imputed in no way sustained the drastic sanction of dismissal and that in dismissing him, plaintiff had not complied with the requirements of Act No. 80.[4]

---

4. The Arbitrator summed up the case as follows: This case does not present greater disquisitions, since it deals with an employee who supposedly makes some remarks regarding one of the security supervisors of the Company for which his employer renders services. The guard understood that they were allusive to the manager of this company and he so told him; this was the reason why the plaintiff was dismissed. In our opinion, under the specific circumstances given in this case, said statements did not go beyond being remarks or spontaneous reactions of a volatile nature, without greater consequences or repercussions for his own employer, and without the intention of directly offending that person, since they were not directed to this employer and the person to whom it is presumed they were directed, he did not hear them nor was he present.

... Neither the aggrieved manager of the Company, Trailer Bridge, nor his employer, International Shipping, heard or had personal knowledge of said remarks. They only had hearsay evidence about the fact and with it they sanction the employee with dismissal...
... Certainly the facts imputed in no way sustain the drastic sanction of dismissal.
... This case does not comply with the requirements of Act. No. 80, which sustains just cause. Such remarks did not interrupt the function or the company production. The dismissal cannot be sustained by acts or expressions of a general tonality not directly addressed to anyone and which were not heard by the aggrieved...
Plaintiff's Exhibit 11, at 4–7.

It seems clear that in reaching this decision, the arbitrator followed the CBA. Because he found the decision to terminate him unjustified, he ordered the company to reinstate him and compensate him for all the time he was unemployed, but for the thirty-day suspension period. That is all within the bounds of what the CBA provides.

More importantly, however, contrary to what plaintiffs contend, the arbitrator did not simply ignore or fail to consider Miranda's personnel file. He considered it, but found that such incidents had already been adjudicated, for which reason he thought it would be unfair to take them into consideration at that point.[5]

In sum, under the standard set forth in *Bettencourt* and its progeny, we cannot find that the arbitrator's decision was unfounded in reason and fact; that it was based on faulty reasoning; or that it was mistakenly based on an assumption that is a non-fact. Thus, his decision is unreviewable by this Court and should stand unaltered.

## C. Delay in Issuance of Ruling

■ Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, upon which this action is predicated, establishes no limits upon the time in which an arbitrator can render an award.[6] Neither has this Circuit expressed its stance on this issue. Nevertheless, other circuits, such as the Second Circuit, have confronted this matter, and have directly refused to adopt a federal standard regarding such time limits:

Rather, we believe it to be a better rule that any limitation upon the time in which an arbitrator can render his award be a directory limitation, not a mandatory one, and that it should always be within a court's discretion to uphold a late award if no objection to the delay has been made prior to the rendition of the award or there is no showing that actual harm to the losing party was caused by the delay.

*West Rock Lodge No. 2120 v. Geometric Tool Co.*, 406 F.2d 284 (2d Cir.1968).

In the instant case, plaintiff essentially asserts that it has been greatly prejudiced by the arbitrator's delay in rendering the award because it has had "to pay almost seven month (sic) of past salaries which it would not be the case have (sic) the award been issued on time." Such a statement, however, is not entirely true. Regardless of whether the award had been rendered seven months later or seven days later, plaintiff would have had to pay for Miranda–Murphy's salary, except for the thirty-day suspension·period. Tardiness, therefore, made virtually no difference in terms of the prejudice which plaintiff allegedly suffered.

Moreover, we venture to add that, had plaintiff's determination been affirmed by the arbitrator seven months later, plaintiff would have, more likely than not, gladly accepted the arbitrator's decision. Had plaintiff been genuinely concerned about the amount of time the arbitrator was taking to render his award, plaintiff could have filed a motion or request a ruling from the arbitrator prior to June of 1997. This, however, it did not do.

---

**5.** In its request for vacatur, plaintiff makes reference to the case of *Hoteles Condado Beach v. Local 901*, 763 F.2d 34 (1st Cir.1985). In that case, an employer terminated his employee for allegedly exposing himself to a guest. Although the employer brought the guest to the hearing, she refused to testify, so the employer presented a transcript of her testimony during a prior criminal procedure against the employee. The arbitrator accepted the transcript, but refused to give it any weight. Since the evidence effectively excluded by the arbitrator was both central and decisive to the Company's position, the Court set aside the arbitration award.

*Hoteles Condado* is clearly distinguishable from the instant situation. In the former case, the arbitrator simply refused to give the transcript any weight, without any explanation, even though the guest's testimony was crucial to the employer's decision to terminate the employee and had never been weighed before in any civil forum. In this case, however, the arbitrator evaluated the evidence in question but did not weigh it for a very justifiable reason: the employee had already been reprimanded for his prior incidents, and a stipulation had been reached between the parties involved, which put an end to those incidents. Under such circumstances, to have weighed the prior incidents into his award determination would have been more questionable indeed, given the stipulation, than to not have weighed it.

**6.** This section extends federal jurisdiction to "[s]uits for violation of contracts between an employer and a labor organization..." 29 U.S.C. § 185(a).

Based on the foregoing, we find that the alleged delay in rendering the award does not warrant that the award be altered, much less set aside.

## Conclusion

For the reasons stated in this opinion and order, defendant's motion to dismiss (**Docket # 3**) is hereby **GRANTED,** and the above-captioned complaint is hereby **DISMISSED.** Judgment shall be entered accordingly.

**SO ORDERED.**