Jose M. HAWAYEK, Plaintiff,

v.

A.T. CROSS COMPANY, Defendant.

No. CIV. 01–2533(SEC).

United States District Court,
D. Puerto Rico.

Sept. 20, 2002.

Enrique J. Mendoza-Mendez, Mendoza & Baco, San Juan, PR, for Plaintiff.

Rosa M. Cruz-Niemiec, San Juan, PR, for Defendant.

## OPINION AND ORDER

CASELLAS, District Judge.

Before the Court is Defendant's motion to dismiss (**Docket # 11**) which, after the original complaint was amended by Plaintiff (**Docket # 13**), was reiterated by Defendant (**Docket # 14**) as to the First Amended Complaint. Having considered Defendant's motions, Plaintiff's opposition (**Docket # 17**), and Defendant's reply (**Docket # 20**), Defendant's motions will be **GRANTED**, and the case will be **DISMISSED WITH PREJUDICE.**

### Factual Background

The parties to this action entered into a "Territory Management Agreement for Puerto Rico," [1] which included an arbitration clause pursuant to which the parties agreed to arbitrate any controversies regarding or relating to the termination of the agreement. The arbitration clause also provided that the Arbitrator would be

---

1. The parties also entered into an agreement covering the Caribbean. However, Plaintiff's claim for the extraterritorial application of the law of Puerto Rico to that agreement was denied by the Arbitrator and he is not asking the Court to review said decision.

required to apply the provisions of the agreement and the law of Rhode Island in the event of any such disputes.

The agreement further stated that it would expire at the end of its renewal term. Due to the expiration of the Agreement, on January 30, 2001, Plaintiff filed a Demand for Arbitration as required by the arbitration clause of the Agreement. He claimed that he had been wrongfully terminated under the Puerto Rico Dealers' Act, 10 P.R. Laws Ann. §§ 278 *et seq.* (Law 75) and/or the Puerto Rico Sales Representative Protection Act, 10 P.R. Laws Ann. §§ 279 *et seq.* (Law 21). Plaintiff also included a claim under Rhode Island law. The parties filed briefs on the issue of the validity of the choice of law clause included in the Agreement. On July 20, 2001, the Arbitrator notified his ruling that if the Agreement was found to be a sales representative agreement, Rhode Island law would apply, in light of 10 P.R. Laws Ann. § 279f; and, if the Agreement was found to be a dealer's contract, Puerto Rican law would apply, in light of 10 P.R. Laws § 278b–2.

Then, on September 6, 2001, Plaintiff filed a complaint and request for injunctive relief before the Superior Court of Puerto Rico, San Juan Part. Defendant has since removed said action to this Court, and Plaintiff has filed a First Amended Complaint. In said complaint, Plaintiff asks the Court to stay the arbitration proceedings and to review the Arbitrator's ruling as to the applicability of Rhode Island law if the Agreement is a sales representative agreement. Plaintiff claims that the public policy behind Law 21 renders the choice of law clause null and void. Therefore, he has requested that the Court vacate the Arbitrator's interpretation of the law, and enter a declaratory judgment stating that the applicable law is Law 21.

Defendant, on the other hand, contends that the complaint should be dismissed.

First, Defendant argues that Plaintiff's petition for review is untimely. Furthermore, it argues that the Arbitrator's interpretation of the facts and the law should not be disturbed under the highly deferential standard established by the applicable case law. Defendant understands that the Arbitrator's decision in this case is not only a reasonable interpretation of the law, but is also the correct decision pursuant to the clear mandate of Law 21.

Since we find that there are no grounds, under the strict standard of review applicable to arbitral awards, to set aside the Arbitrator's findings, we find it unnecessary to reach the issue concerning the timeliness of Plaintiff's petition. Even assuming that Plaintiff's complaint is timely, Plaintiff's arguments still fail.

**Applicable Law and Analysis**

The rule of non-reviewability by a court of arbitration awards is subject to very limited exceptions:

> We do not sit as a court of appeal to hear claims of factual or legal error by an arbitrator or to consider the merits of the award. We cannot vacate the award because the arbitrator misreads the contract, where there is room to do so, **nor are we authorized to reject his honest judgment as to the appropriate remedy**, if the contract gives him authority to decide that question. As long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, **that a court is convinced he committed serious error does not suffice to overturn his decision.**

*Challenger Caribbean Corp. v. Unión General De Trabajadores*, 903 F.2d 857, 861 (1st Cir.1990) *citing Georgia–Pacific Corp. v. Local 27, United Paperworkers Int'l Union*, 864 F.2d 940, 944 (1st Cir.1988) *citing United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 37–38, 108 S.Ct.

364, 98 L.Ed.2d 286 (1987) (emphasis added).

■ A court's review of an arbitrator's decision is highly deferential because when the parties have contracted to have disputes settled by arbitration, "it is the arbitrator's view of the facts and the meaning of the contract that they have agreed to accept." *United Paperworkers*, 484 U.S. at 37, 108 S.Ct. 364. Thus, the parties have contracted to accept and respect the arbitrator's view of the facts and the law. A party cannot move the Court to impose on the arbitrator a particular view of the facts and the law merely because it did not like the arbitrator's ruling.

■ When a party challenges an arbitrator's decision, it must show that the award: (a) is unfounded in reason and fact; (b) is so palpably faulty that no judge ever could conceivably have made such a ruling; or (c) is mistakenly based on a crucial assumption that is concededly a non-fact. *Prudential–Bache Securities v. Tanner*, 72 F.3d 234, 238 (1st Cir.1995) *citing Advest Inc. v. McCarthy*, 914 F.2d 6, 8–9 (1st Cir.1990); *Challenger Caribbean*, 903 F.2d at 861 (citations omitted); *International Shipping Agency, Inc. v. Union de Empleados de Muelles*, 21 F.Supp.2d 100, 104 (D.P.R.1998) (citations omitted).

Section 2 of the Federal Arbitration Act (FAA) declares written provisions for arbitration "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. In *Allied–Bruce Terminix Cos. v. Dobson*, 513 U.S. 265, 115 S.Ct. 834, 130 L.Ed.2d 753 (1995), the Supreme Court of the United States established that States may not "decide that a contract is fair enough to enforce all its basic terms (price, service, credit), but not fair enough to enforce its arbitration clause. The [FAA] makes such states' policy unlawful, for that kind of policy would place arbitration clauses on an unequal 'footing,' directly contrary to the Act's language and Congress' intent."

■ The Supreme Court has consistently held that the FAA preempts any state statutory prohibitions which conflict with the goals and policies of the FAA. In *Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth*, 473 U.S. 614, 105 S.Ct. 3346, 87 L.Ed.2d 444 (1985), the Court upheld the First Circuit Court's determination that Section 3B of Law 75, 10 P.R. Laws Ann. § 278b–2, had been preempted by the FAA, and ordered the parties to submit their claims to arbitration. Since Law 21 is an offspring of Law 75, and the public policy behind Law 21 is similar to the one behind Law 75, "it is well settled that applicable jurisprudence to Law 75 is also of application in controversies as per Law 21." *Innovation Marketing v. Tuffcare Inc.*, 31 F.Supp.2d 218 (D.P.R.1998). With regard to Law 75, the Supreme Court stated as follows:

A contractual provision specifying in advance the forum in which disputes shall be litigated and the law to be applied is ... an almost indispensable precondition to achievement of the orderliness and predictability essential to any international business transaction ...

A parochial refusal by the courts of one country to enforce an international arbitration agreement would not only frustrate these purposes, but would invite unseemly and mutually destructive jockeying by the parties to secure tactical litigation advantages ... [It would] damage the fabric of international commerce and trade, and imperil the willingness and ability of businessmen to enter into international commercial agreements.

*Id.* (citations omitted).

■ Following *Mitsubishi*, the Supreme Court of Puerto Rico, in the case of *World Films Inc. v. Paramount*, 125 D.P.R. 352

(1990), enforced the arbitration clause contained in a distributorship agreement and ordered the parties to arbitrate the controversy **according to the terms of the arbitration clause.** Accordingly, the Supreme Court's decision resulted in the parties having to arbitrate under the terms of the agreement, even though the arbitration clause included a choice of law disposition pursuant to which the applicable law in that case would be California law. *Id.* at 364. *See also Medika International v. Scanlan International,* 830 F.Supp. 81, 84 (D.P.R.1993) ("The Federal Arbitration Act preempts the Puerto Rico Dealer's Act to the extent that it negates, as against public policy, arbitration clauses which provide for arbitration of controversies outside of Puerto Rico, **or under foreign law or rule of law** … While protecting dealerships may be a justifiable state concern, it does not override the federal policy supporting agreements to arbitrate.") (emphasis added). Such a holding was premised on the U.S. Supreme Court's words, as cited in *World Films:* "[T]he FAA's primary purpose [is to ensure] that private agreements to arbitrate are enforced according to their terms." *Prima Paint v. Flood & Conklin,* 388 U.S. 395, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967). This holding was reiterated quite recently by the Puerto Rico Supreme Court in *Medina Betancourt v. La Cruz Azul de P.R.,* 2001 TSPR 163.

Furthermore, Law 21 specifically states as follows:

> The sales representation contracts referred to in this chapter shall be construed pursuant to, and shall be governed by the laws of the Commonwealth of Puerto Rico, and any stipulation to the contrary shall be null. **However, this nullity shall not include any arbitration clause agreed upon.**

10 P.R. Laws Ann. 279f (emphasis added). Based on the previous discussion, and on this provision of Law 21 the Arbitrator basically interpreted that **a choice of law clause included as part of an arbitration clause is valid.** Such an interpretation of the law does not seem unreasonable to this Court.

Plaintiff does not contend that the Arbitrator acted without jurisdiction or that he engaged in improper conduct. He only claims that the Arbitrator's decision is contrary to the public policy behind Law 21. As stated before, public policy behind state laws does not override the public policy behind the FAA of enforcing and respecting the arbitration clauses to which the parties contractually agreed. The FAA preempts any state law which purports to limit the terms established by an arbitration clause, and the Arbitrator in this case chose to extend the coverage of that preemption to cover the choice of law provision.

The Court understands, and in fact finds very persuasive, Plaintiff's argument that the Arbitrator's interpretation of *Mitsubishi* and *World Films* effectively destroys the power of Law 21. In fact, we find that the Arbitrator's decision creates a loophole to the requirements established as the clear and compelling public policy embodied in Law 21. Under such a jurisprudence, a manufacturer need only include in its contracts an arbitration clause specifying the substantive law it prefers, to avoid the grip of Law 21.

This Court does agree with Plaintiff that such a result could frustrate the Commonwealth's public policy unnecessarily. In fact, we believe that a different approach would have been truer to the intent of the FAA, and kinder to the concerns of the Commonwealth of Puerto Rico. The Court believes that the FAA only preempts the **procedural** consequences of an arbitration clause. The FAA only requires, in our view, that the parties proceed before an

arbitrator. It says nothing, however, as to the **substantive** law to be applied by said arbitrator. Under such a reasoning, the FAA would not come into conflict with Law 21 at all, since said law provides for the use of the arbitration **procedure**. What would be in conflict in this case would be the parties' agreement to use **substantive** Rhode Island law, and the overpowering public policy embodied in Law 21 which prohibits the waiver of the rights conferred therein to sales representatives.

Nonetheless, we cannot safely say that the Arbitrator's decision is in manifest disregard of the law. Again, the strict standard by which we measure the Arbitrator's decision requires that we let stand his reasonable decision, even though we might disagree with its wisdom. "As long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision." *Challenger Caribbean,* 903 F.2d at 861. In this case, this Court's difference of opinion with the Arbitrator is not enough to overturn his verdict.

### Conclusion

For all the reasons discussed above, Defendant's motions (**Docket 11 and 14**) are **GRANTED**, and the case will be **DISMISSED WITH PREJUDICE.**

SO ORDERED.